CHITTENDEN,
*January,*
1838.

BENJAMIN ALLEN *v.* CORNELIUS LANSING.

An averment, that A. bought of L. a barrel of rum for fifty dollars, and
that L. warranted it to be good, &c. is not sustained by evidence that
L. sold A. a barrel of St. Croix rum, at 1,06 per gallon, and by mistake
delivered rum of an inferior quality, worth only 60 cents per gallon.
Nor is such evidence sufficient under counts for money paid, and money
lent.

ASSUMPSIT, in three counts.

In the first count, the plaintiff declared, that the defen-
dant and H. M. T. Powell and Loyal C. Pond, on the first
day of May, 1835, at Troy, in the state of New York, for
the sum of fifty dollars, sold to the plaintiff one barrel of
rum and warranted it to be good and perfect rum, and aver-
red that the rum, at the time of said sale, was adulterated.

The second count was for money paid, laid out and ex-
pended, and the third count for money lent.

Plea—General issue, and joinder to the country.

On the trial in the County Court, the plaintiff, to sustain
the issue on his part, offered evidence tending to prove that
in May 1833, he bought of the defendant and his co-partners,
Pond and Powell, with other goods, a barrel of St. Croix
rum at \$1,06 per gallon, and left it with them to be forwar-
ded to the plaintiff, but, instead of sending St. Crox rum,
they sent the plaintiff rum of an inferior quality, which was
not worth more than sixty cents per gallon; that after the
rum was forwarded to the plaintiff, he called on the defen-
dant and his co-partners, at Troy, and informed them of
the quality of the rum, which he had received, and they ad-
mitted that they sent the rum by mistake, but directed the
plaintiff, to sell it out, and they would make it right with the
plaintiff on a final settlement of their accounts. The plain-
tiff proved that he had paid for the rum, at the rate of
\$1,06 per gallon, but it did not appear that the payment
was made until after the above mentioned conversation was
had.

The defendant objected to the evidence thus offered, on
the ground of a variance between the proof and the decla-
ration. The Court ruled, that the plaintiff, upon this evi-
dence, was not entitled to recover, and directed the jury to
return a verdict for the defendant.

The plaintiff excepted to the decision of the County Court.

CHITTENDEN,
*January,*
1838.

Allen
*v.*
Lancing.

*Maeck & Smalley,* for plaintiff.

*Hyde & Peck,* for defendant.

1. There is a fatal variance between the declaration and evidence. The allegation is a purchase of a barrel of rum for fifty dollars, which is not supported by proof of the purchase of a barrel of rum at $1,06 per gallon, the consideration being incorrectly stated.

II. If any of the money counts would lie, it can be none but the count for money had and received, which is not contained in the plaintiff's declaration. The count for money lent will not lie unless there is a contract of loan.

The opinion of the Court was delivered by

ROYCE, J.—The evidence on trial was not applicable to the general counts. There was neither a loan of money to the defendants, nor a payment to any other person, for their benefit.

There is no occasion to consider the special count, except in reference to the question of variance. The allegation is, that the defendants sold to the plaintiff a barrel of rum at the price of fifty dollars, warranting the same to be good, &c. But the case in evidence was, that they sold him a barrel of St. Croix rum, at one dollar and six cents per gallon, and by mistake forwarded a barrel of different and inferior rum, worth only sixty cents per gallon ; that on being informed of this, the defendants acknowledged their mistake, but requested the plaintiff to proceed and sell out the rum sent, and promised to make good the difference on their after settlement; that the plaintiff paid for the rum, at $1,06 per gallon, but whether before or after the arrangement for selling it out, did not appear. It is evident, therefore, that the case made in proof was entirely different from that stated in the special count. No warranty was shown, nor was the rum purchased by the barrel at a gross sum, but at a given price per gallon. This ground, alone, is quite sufficient to sustain the decision of the County Court.

Judgment affirmed.