Hon. JAMES BARRETT,
Hon. LOYAL C. KELLOGG,
Hon. ASAHEL PECK,
Hon. WILLIAM C. WILSON,
} Assistant Judges.

---

## Abraham Gotleib v. W. L. Leach.

### Variance. Contract. Evidence.

In an action for fraudulent representations and concealment in the alleged contract, the consideration is not one of those descriptive allegations that need be proved in amount precisely as alleged.

Where a contract proved is less beneficial to the plaintiff than that alleged, the variance is fatal.

The contract as alleged was, that the plaintiff was to receive one-third of the gross proceeds arising from the exhibition of a machine called perpetual motion, until he should receive $300. and then one-sixth, &c. The contract, as proved, did not entitle the plaintiff to receive any of the proceeds until Y. and H. had received $150. Held, that the variance was fatal.

Gotleib v. Leach.

The plaintiff's testimony tended to show that the defendant represented to the plaintiff, at the time of making the contract, that the balls attached to the wheel were the motive power of the machine, and that the machine was perpetual motion, and that after the trade was made, and the consideration paid, the defendant showed the plaintiff that the motive power was springs and clock work concealed from view in the bottom of the machine, of which, till then, the plaintiff was ignorant. The defendant's evidence tended to show the contrary, and that he explained all this to the plaintiff before the trade was made, and that he exhibited the machine in different places prior to making the trade with the plaintiff, and never on such exhibitions said the motive power was in the rim of the wheel, or in the balls ; but stated that the people present must judge for themselves, as to the motive power. *Held*, that this evidence having been put in by the defendant as to what took place when the plaintiff was not present, it was not error to allow the plaintiff to disprove it.

ACTION ON THE CASE to recover damages for fraud in the sale of an interest in a machine called perpetual motion. Plea, the general issue, and trial by jury, June Term, 1866, WILSON, J., presiding. The declaration and written contract herein referred to, were as follows, viz : Declaration. " In a plea of the case whereupon the plaintiff declares and says, that heretofore, to wit, on the 18th day of March; A. D. 1864, the defendant pretended and represented to the plaintiff that he, the defendant, had invented and owned a certain machine, being a wheel connected with an axis, and supported by two posts or pillars, to which wheel were attached sundry balls and screws, called a perpetual motion, which said wheel, with said balls and screws, was made or constructed on a principle of self-creating, or self-renovating power, or of perpetual motion by which said wheel or machine would run or move forever, or until said wheel or machine was worn out, without any winding up or renewing of the power of said machine, or application of any power or extraneous means whatever. And the plaintiff says, that believing and confiding in this representation to him made by the defendant, and at the special instance and request of the defendant, he purchased of him, to wit, at Troy, aforesaid, to wit, on the day and year aforesaid, an interest in said wheel machine or invention, and paid the defendant a large sum of money, to wit, the sum of $300., by which contract with the defendant, said machine or invention was to be exhibited at different places to the public for money, and the said plaintiff was to have one-third of the gross proceeds arising from said exhibition until he should receive the sum of $300., and one-sixth of the gross

proceeds of said exhibition afterwards. And the plaintiff says, that at the time of said sale by the defendant to the plaintiff, and the payment of the said sum of money by the plaintiff to the defendant, the said machine or invention had no such principle or power of perpetual motion, or of any independent power of self-creating, or self-renovating motion as represented by the defendant to the plaintiff, and this was well known by the defendant, and wholly unknown to the plaintiff, and concealed from the plaintiff, but that said wheel or machine was moved by a certain piece of machinery or clock work, which required to be periodically wound up or renewed secretly and artfully concealed in the platform or bottom of said machine, and by a line, thread or wire extending from said platform through a hole or hollow in one of the posts that supported said axis of said wheel, and so turning or moving said wheel, and was without any such principle of perpetual motion or new discovery in machines as represented by the defendant to the plaintiff. And the plaintiff says, that said machine became and is of no value to him or any honest man ; that the same contains and has no new principle or discovery in machines, and is simply a contrivance of fraud and imposition designed to cheat the ignorant and simple, whereby the plaintiff says he has wholly lost the said sum of money so paid by him to the defendant, as aforesaid, and also time, labor and expense, to the value of $200., incurred and expended by him on account of said machine or wheel, all of which is to the damage of the plaintiff $500."

## AGREEMENT.

"This agreement, made and concluded at Troy, in the county of Orleans, and state of Vermont, on this 18th day of March, A. D. 1864, by and between W. L. Leach, of said Troy, of the one part, and Abraham Gotleib, of the city, county, and state of New York, of the other part : Witnesseth, that the said Leach does, in consideration of the covenants and agreements of the said Gotleib, hereinafter written, assign and transfer to the said Gotleib, his, the said Leach's interest in a certain contract made between the said Leach and John Young and Charles Haskins on the 7th day of March, A. D. 1864, in and by which contract the said Leach agreed to, and with the said

Graves and Haskins to furnish them, for the purposes of exhibition, one of his, the said Leach's machines, called "perpetual motion," and in which contract the said Young and Haskins covenanted and agreed with the said Leach that they would exhibit such machine to the public as they deemed most for their interest, and would pay over to the said Leach one-third of all the gross proceeds arising from the exhibiting of said machine to the public, or from any and all sources after they shall receive the sum of one hundred and fifty dollars.

And the said Gotleib covenants and agrees with the said Leach that he will take the assignment of his, the said Leach's, interest in said contract, and will pay the said Leach for his said interest in said contract the sum of three hundred dollars upon the execution of this instrument; and the said Gotleib further covenants and agrees with the said Leach that he will pay to the said Leach one-half of the gross receipts arising from the exhibition of said machine, and which may belong to the said Gotleib by virtue of this agreement, after he, the said Gotleib, shall have received the gross sum of three hundred dollars from said exhibitions, and by virtue of the aforesaid contract of the said Leach with the said Young and Haskins.

It is understood that the said Gotleib is to receive from the said Young and Haskins the said Leach's share of the gross receipts arising from the exhibition of said machine until the said Gotleib receives the sum of three hundred dollars, after which time the said Leach is to receive from the said Young and Haskins one-half of the gross receipts of said exhibitions reserved to the said Leach in his contract with the said Young and Haskins, and the said Gotleib is to receive the other half of said gross receipts. It is further understood that the said Leach by this contract assigns nothing but his interest in the profits of said exhibitions, and no interest in the ownership of the machine.

In witness whereof we have hereunto set our hands and seals the day and year first above written.

    [Signed,]               W. L. LEACH,    { L. S. }

    [Signed,]               ABRAHAM GOTLEIB,    { L. S. }

In presence of E. C. Bow.

19

Gotleib v. Leach.

Other facts, and the points of exception, are sufficiently set forth in the opinion of the court.

Verdict for the plaintiff; exceptions by the defendant.

*H. C. Wilson,* for the defendant.

—— *Young.* and *W. D. Wilson,* for the plaintiff, cited upon the question of variance, *Skinner* v. *Grant,* 12 Vt. 462; *Hutchinson* v. *Granger,* 13 Vt. 393; *Mallory* v. *Leach,* 35 Vt. 156; *Hastings* v. *Lovering,* 2 Pick. 222; *Pass. Bank* v. *Goss et al.,* 31 Vt. 321; *Bruce* v. *Greenbanks,* 33 Vt. 226; *West* v. *Emery,* 17 Vt. 586; *Wheeler* v. *Wheelock,* 33 Vt. 146; *Cunningham* v. *Kimball,* 7 Mass. 65; *Vail* v. *Strong,* 10 Vt. 462; *Cross* v. *Richardson,* 30 Vt. 641.

The opinion of the court was delivered by

Peck, J. The action is for fraudulent representations and concealment on the part of the defendant in the alleged contract. It appears that the contract was in writing, and the written contract was given in evidence.

As to the question of variance between the contract proved and that declared upon, the defendant insists that there is a fatal variance in the amount of the consideration. The declaration alleges that the plaintiff " *paid the defendant a large sum of money, to wit, the sum of three hundred dollars.*" This agrees precisely with the amount of the consideration specified in the written contract. There is, therefore, no variance in this respect between the allegation and the *written* contract. The parol evidence on the part of the plaintiff shows that he was to pay, and did pay, *three hundred and fifty dollars.* But the exceptions show that at the jury trial, " the defendant's counsel insisted that there was a variance between the *written* contract and the declaration," and that the court ruled that there was no substantial variance,—to which ruling the defendant excepted. It does not appear that any question was raised or exception taken in reference to the parol proof of the payment of $350. The exception must be confined to a variance between the declaration and the *written* contract; and in relation to the consideration there is no such variance.

But, aside from the fact that the exception is confined to the written contract in an action of this kind, considering the manner in which the consideration is alleged in this declaration, it is not one 'of those descriptive allegations that need be proved in amount precisely as alleged. This is not an action directly upon the contract, but an action of tort growing out of the contract. If this were an action in favor of Leach against Gotleib to recover the stipulated price, declaring specially on the contract, a more strict rule would apply.

It is insisted that the declaration alleges that the plaintiff purchased of the defendant an interest in the wheel or machine, and that the contract proved shows that he did not purchase any interest in, or title to, the wheel or machine, but only the defendant's interest, to a given extent, in a certain contract between the defendant and Young & Haskins, under which last named contract the defendant was to furnish the machine to Young & Haskins, who were to exhibit it for money, and pay to the plaintiff a certain portion of the gross proceeds, and that in this there is a variance. It is urged that the purchase of an interest in that contract, is not a purchase of an interest in the machine within the meaning of the declaration. Immediately after the general allegation of the purchase of an interest in the wheel, machine or invention, it is alleged that by which contract, (between the plaintiff and the defendant,) said machine or invention was to be exhibited to the public for money, and of the proceeds the plaintiff to have one-third until he should receive $300, and afterwards one-sixth. The argument, on the part of the plaintiff in answer to this objection, is, that by the contract, as proved, it appears that by the defendant's contract with Young & Haskins, the defendant is to have one-third of the proceeds ; and that by the contract between the plaintiff and the defendant, as proved, the plaintiff is to have the whole of the share the plaintiff is entitled to from Young & Haskins till the plaintiff shall have received $300., and afterwards one-half that the defendant is entitled to under his contract with Young & Haskins ; so that, under the contract, as proved, the plaintiff gets the same proportion of the proceeds as he does under the contract alleged in the declaration, and that the two are the same in legal effect. Whether this argument, if well founded in *fact*, would,

in law, obviate this objection, it is not necessary to decide, for it is based on an erroneous assumption of fact.    By the contract as alleged the plaintiff is entitled to one-third of the proceeds till he has received $300., and after that to one-sixth.    But, under the contract between the defendant and Young & Haskins, the defendant is entitled to nothing until Young & Haskins have received $150., out of the proceeds, to their own use ;  consequently, under the contract proved between the plaintiff and the defendant, the plaintiff, instead of receiving one-third of the proceeds until he has received $300., is not entitled to any portion of the proceeds until Young & Haskins have received their $150.    In this particular there is a variance in a material descriptive allegation of the contract.    The contract proved is less beneficial to the plaintiff than that alleged, and in a particular which might materially affect the amount of damages the plaintiff would be entitled to recover.    We have felt reluctant to reverse this judgment upon a question of variance not affecting the merits of the case, especially as the objection is one that might properly have been obviated by an amendment on the trial ; but it is impossible to sustain the ruling of the county court without violating the principles of pleading and evidence.

The only remaining exception relied on in argument is to the admission of certain evidence offered by the plaintiff and admitted by the court.    It appears that the plaintiff's testimony tended to show that the defendant represented to the plaintiff, at the time of making the contract, that the balls attached to the wheel were the motive power of the machine, that the balls were so arranged with reference to the rim of the wheel, that the wheel, by the power of the balls, would continue to revolve until the machine was worn out ; that it was a valuable invention and machine, and perpetual motion ; and that after the trade was made, and the $350. had been paid, the defendant showed the plaintiff that the motive power was springs and clock work, concealed from view in the bottom of the machine, of which, till then, the plaintiff was ignorant.    The defendant's evidence tended to show to the contrary, and that he explained all this to the plaintiff before the trade was made.    The case further shows that the defendant's testimony also tended to show that he exhibited

Gotleib *v.* Leach.

the machine in different places prior to making the trade with the plaintiff, and that he did not *on any occasion* when he exhibited the machine, say the motive power was in the rim of the wheel, or in the balls, or that it was perpetual motion ; but stated that the people present must judge for themselves as to the motive power. This evidence, being put in by the defendant, as to what took place when the plaintiff was not present, it would not be error to allow the plaintiff to disprove it ; more especially if the defendant himself was the witness by whom the defence had attempted to prove what took place on such public occasions. The proof offered by the plaintiff to the effect that the defendant, on several occasions when he exhibited the machine prior to the trade with the plaintiff, stated that the motive power of the machine was in the balls attached to the wheel, and that it was perpetual motion, was admitted by the court against the defendant's objection that the plaintiff was not present. The exception is to the admission of this testimony. If it was admissible for any purpose, this exception cannot prevail. We think it was not error to admit this evidence after the evidence above stated was put in on the part of the defence ; we infer it was after, from the order in which the evidence is stated in the exceptions. The exception taken to the charge is not insisted on in argument. Nor is there any ground of exception to the charge upon this testimony, for the court told the jury that those statements made by the defendant when the plaintiff was not present, in relation to the machine or its motive power, did not tend to show what contract the defendant made with the plaintiff, or what statements or representations the defendant made to the plaintiff before or at the time the trade was made with the plaintiff, or to show that he made any representations to the plaintiff as to the motive power of the machine.

Judgment reversed and new trial granted.