## JOHN HOGAN v. TOWN OF NORTHFIELD.

### Highway. Evidence.

1. In an action for injury on a highway, the exceptions stated that the plaintiff in his "opening testimony had attempted to prove that the horse *at the time of the accident, and before and since,* was tractable, gentle," &c. *Held,* that the defendant could rebut this with evidence, covering the same time as the plaintiff's, showing the horse was in the habit of running away ; and, although the defendant's evidence related to the character of the horse one year after the accident, it does not appear that it was more remote than the plaintiff's; and that the words, "attempted to prove," mean, *introduced testimony tending to prove.*
2. If it was error, —which is not decided,—for the court to compel the production of a deposition of one of the plaintiff's witnesses, on cross-examination, as the deposition was not used to contradict the deponent, it was harmless, and, therefore, not vitiating.

INJURY on highway. Plea, general issue. Trial by jury, September term, 1881, Washington County, REDFIELD, J., presiding. Verdict for defendant.

The facts are sufficiently stated in the opinion and head notes.

*H. Carpenter* and *W. P. Dillingham,* for the plaintiff, cited, on the question that the defendant's evidence was not admissible : *Gotlieb* v. *Leach,* 40 Vt. 278; *Lytle* v. *Bond's* Est., 40 Vt. 618 ; 32 Vt. 814 ; 36 Vt. 88; 41 Vt. 91; 43 Vt. 458 ; 54 Vt. 130 ; as to the production of the deposition : *Wait* v. *Brewster,* 31 Vt. 516 ; *Wing* v. *Hall,* 47 Vt. 182.

*Fisk, Johnson,* and *Heath & Carleton,* for the defendant.

The opinion of the court was delivered by

Ross, J. I. The habits and disposition of a horse are, in their nature, more or less continuing. They become confirmed and strengthened by age. Disposition, as well as habits, is largely influenced by training. Training affects both, in the horse, as in other animals, for good or evil, much more in youth than in advanced years. These are facts open to the observation of all men. When, therefore, the plaintiff, in his opening

46

testimony, "attempted to prove"—by which must be meant, introduced testimony tending to prove—that the horse since, as well as at the time of, and before, the accident, was "tractable, gentle, and kind," he introduced testimony,—whether strictly legally admissible or not—which had a moral tendency to show that the horse was possessed of such disposition and habits at the time of the accident, and so laid· the foundation for the defendant to rebut this testimony, by introducing testimony to show that the horse was possessed of habits of unkindness, and of running away. It could show the horse possessed of such habits at any time during the period in which the plaintiff, by his testimony, had attempted to show the horse was "tractable, gentle, and kind."

*Lytle* v. *Bond's* Est. 40 Vt. 618; *Gotleib* v. *Leach*, 40 Vt. 278:

Hence, without deciding whether the testimony of Haniman would, standing alone, itself, be admissible, it was admissible to rebut the testimony already introduced by the plaintiff. The issue was the habits and character of the horse at the time of the accident; and the nearer to that time· the testimony referred, the greater force it would have. The exceptions do not show that the defendant, by its testimony, was allowed to depart from this time farther than the plaintiff had already done in his opening testimony. Hence, there is no error apparent upon the exceptions, in this respect. ·

II. If the ruling of the County Court compelling the production of the deposition of Cornelius Splaid for the inspection of the defendant while cross-examining the witness, was erroneous under the decisions— *Wait* v. *Brewster*, 31 Vt. 516; *Wing* v. *Hall*, 47 Vt. 182—it was · evidently harmless error. The fact that the defendant's counsel found nothing in the deposition tending to contradict the deponent's testimony, as given upon the stand, tended to strengthen rather than weaken that testimony. The failure to offer, or use the deposition to contradict the testimony of the deponent given from the witness stand, would certainly leave the impression upon the minds of the jurors, that there was nothing in the deposition

which would avail to that end. We do not decide, whether un-
der the decisions cited, and the rule of court referred to, the
court had the right to compel the production of the deposi-
tion for any purpose ; but simply, that if such ruling was error,
it was to the plaintiff a harmless error.

The judgment is affirmed.