GEORGE E. HANDY *vs.* EDWIN M. WALDRON.

To sustain an action for deceit for a false and fraudulent representation as to the value of property, whereby the plaintiff was induced to purchase the same, it is not necessary that the plaintiff should have relied solely on the representation made ; it is enough that it had a material influence in inducing him to purchase.

The question of negligence being for the jury, the defendant, in an action for deceit for false and fraudulent representations made in the sale of property, is not entitled to have the jury instructed that if the defendant told the plaintiff of a number of persons of whom he might inquire about the property, and the plaintiff failed to make such inquiry, he could not recover for the representation made.

DEFENDANT'S petition for new trial.

This was an action of trespass on the case for deceit. On a former occasion the case was before the court on demurrer to the declaration. See 18 R. I. 567. The plaintiff having

obtained a verdict in the Common Pleas Division, the defendant petitioned for a new trial.

*October* 20, 1896.   PER CURIAM.   We think that the verdict is sustained by the evidence.   It is not necessary that the plaintiff should have relied solely on the representation of the defendant that the stock was paying ten per cent. dividends right along, &c.   It is enough that it had a material influence on the plaintiff in inducing him to purchase the stock.   *Hartford Live Stock Insurance Co.* v. *Matthews,* 102 Mass. 221;   Grinnell, Law of Deceit, § 48, and cases cited.

The question whether or not the plaintiff was guilty of negligence was for the jury on all the facts shown by the evidence, and, hence, the defendant was not entitled to the instruction that if the defendant told the plaintiff of a number of persons of whom he might inquire about the stock, and the plaintiff failed to make such inquiry, he was not entitled to recover for any representations made to him by the defendant.   Grinnell, Law of Deceit, § 51, and cases cited.

New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Dexter B. Potter & George T. Brown,* for plaintiff.
*Walter F. Angell & Edwin P. Allen,* for defendant.