CARLOS D. SLACK *v.* DANA BRAGG.

February Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 9, 1910.

*Pleading—Declaration—Deceit—False Warranty—Necessity of Alleging and Proving Scienter—Declaration in "Double Aspect"—Validity—Variance—Necessity of Proving Principal Contract as Laid—Evidence—Admissibility—Record— Conflict Between Bill of Exceptions and Transcript.*

A false warranty innocently made, though it deceives, is a mere breach of contract, and therefore, in order to recover in an action on the case for false warranty the *scienter* must be alleged and proved;

hence a declaration in the "double aspect" for a false warranty can no longer support a recovery unless the *scienter* is established.

In tort actions for false warranty in the sale of chattels, which are founded on the deceit involved, and in which hereafter the *scienter* must be alleged and proved, the principal contract is only matter of inducement, and need not be proved as laid.

In a tort action by a buyer for false warranty in the sale of chattels, plaintiff must show that he relied upon the representation in making the purchase.

In an action on the case for deceit in the sale of cows by falsely warranting them to be fresh, evidence that plaintiff said that a third person told him that the informant declined to buy the cows because they were not coming in soon enough was properly excluded, because too uncertain as to when the informant wanted the cows to be fresh.

It was not error to strike out the testimony of a witness giving only his inference from what plaintiff told him as to the time when the cows were to be fresh, as in such case the witness should state the substance of the declaration and leave the jury to draw the inference.

Plaintiff's offer to show that the remaining cows of defendant's herd had calves "early in the winter and along through" was properly excluded, because it was too indefinite and could warrant no inference as to the condition of the cows involved in the suit.

The order of the reception of evidence is in the discretion of the trial court.

When a ruling of the trial court may have been made as matter of discretion, it will be presumed to have been so made unless the contrary appears.

Where the transcript of the evidence is made a part of the bill of exceptions, but not made controlling, and there is a conflict between them, the latter will prevail.

CASE for false warranty and deceit in the sale of cattle. Plea, the general issue. Trial by jury at the June Term, 1909, Orange County, *Taylor*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

Plaintiff testified that one of the cows that was not fresh, as represented, was a "line back cow." Defendant testified that there were no "line back cows" among those he sold plaintiff.

Subject to defendant's objection and exception, plaintiff was then permitted further to describe the "line back cow" to which he referred, and to state that he made a memorandum of breeding her in December. The memorandum, written in a small pocket memorandum book, was: "Bred line back Bragg cow, December 5, 1908," and was admitted in evidence, subject to defendant's exception, the court saying, "It is not offered as substantive evidence, it is received in connection with his testimony."

*Darling & Wilson* for the defendant.

There was a fatal variation between the proof and allegation as to the consideration of the principal contract. The statement of material, descriptive matter must be proved as laid, whether stated with or without a *videlicet;* and here the variance went to the very root of the cause of action, to the principal contract to which the warranty and deceit relied on was merely collateral, and the law is well settled that in such case the allegation is descriptive and must be proved as laid. *Allen* v. *Lansing,* 10 Vt. 114; *Vail* v. *Strong,* 10 Vt. 457; *Mann & Wheeler* v. *Birchard & Page,* 40 Vt. 326; *Gotleib* v. *Leach,* 40 Vt. 278.

The first count cannot stand as it lacks the *scienter,* an essential element of any action on the case for deceit, which must be both alleged and proved in order to support a recovery. *Caldbeck* v. *Simanton,* 82 Vt. 69; *Bond* v. *Clark,* 35 Vt. 577; *Bates* v. *Martin,* Brayt. 78. And a misjoinder of counts and causes of action, apparent on the face of the declaration, with damages assessed entire, is good cause for sustaining a motion in arrest of judgment, or for reversing the judgment on a writ of error. *Haskell* v. *Bowen,* 44 Vt. 579; *Joy & Carr* v. *Hill,* 36 Vt. 333.

*David S. Conant* and *R. M. Harvey* for the plaintiff.

It was not error for the trial court to refuse to direct the plaintiff to elect on which phase of the declaration he would stand, because counts for false warranty and deceit can be properly joined in the same declaration. 1 Chitty's Pl. 137; *Beeman* v. *Buck,* 3 Vt. 53; *West* v. *Emery,* 17 Vt. 583. The seller's liability upon a warranty may sound in tort as well as

in contract. Williston on Sales, §195, p. 246; *Stuart* v. *Wilkins,* 1 Dougl. 18. This is not in conflict with *Foster* v. *Caldwell's Est.,* 18 Vt. 176; *Caldbeck* v. *Simanton,* 82 Vt. 69; *Roy* v. *Phelps,* 83 Vt. 174.

POWERS, J. The two counts of this declaration are in case and therefore properly joined. They follow the form given in 2 Chitty 679, as did those in *Caldbeck* v. *Simanton,* 82 Vt. 69, which were held to be in the tort form. It was pointed out in that case that at an early day assumpsit and case came to be concurrent remedies for a breach of warranty in the sale of personal property; that the recognition of these remedies as concurrent led to the adoption of a form of declaration designed to enable a plaintiff to recover for a false warranty or false representation as his case might develop; that such a declaration was adopted in *Beeman* v. *Buck,* 3 Vt. 53, and that it has since been repeatedly approved; that it was said by Lord Ellenboro in *Williamson* v. *Allison,* 2 East 446, that it was the warranty itself that deceived a buyer who relied upon it; and that it was sometimes said that the law implies deceit from the breach of the warranty.

The court declared this proposition untenable, saying, among other things: "There is no plainer distinction in the law than that between breach of warranty and deceit; and the law no more implies deceit from a breach of warranty than it does from a breach of covenant for title or from the non-performance of a contract of suretyship." This argument and the language in which it was expressed was understandingly and deliberately approved. Its logic is irresistible. But one conclusion is possible; and that is that in order to recover in case, a plaintiff must allege and prove something more than a broken warranty. The *scienter* or its equivalent must be charged and established. The tort involved must be actual rather than constructive. Conscious misstatement, haphazard falsehood, intentionally passing off belief for knowledge, and fraudulent suppression of the truth are acts necessarily and essentially tortious, if actionable at all. A broken warranty, innocently made, though it deceives. is necessarily and essentially contractual, only. To treat it as anything more is illogical and unwarranted. It necessarily follows that the first count of this declaration, being without an

allegation of the *scienter,* is not sufficient to support a recovery, and so to submit the case to the jury as to allow a recovery under it was error. It also follows that the so-called double aspect declaration can no longer support a recovery unless the *scienter* or its equivalent be established.

At the close of the plaintiff's evidence, and again at the close of all the evidence, the defendant moved for a directed verdict on the ground of (1) variance, (2) insufficiency of the declaration, and (3) failure of proof.

The plaintiff says in his brief that the only variance pointed out and passed upon by the trial court pertained to the price paid for the cattle; but the bill of exceptions shows that three grounds of variance were specified and claimed below, as follows:

(a) That it was alleged in the first count that the purchase was of thirteen cows and two heifers for $750; while the proof was that the purchase was of thirteen cows, two heifers and a bull, and that the price was figured at $50 for each of the cows and heifers—the bull being ''thrown in.''

(b) That it was alleged in the second count that the purchase was of thirteen cows for $689; while the proof was as just stated.

(c) That it was alleged in the first count that all the cows and heifers were warranted to be fresh in December and January; while the proof was that such warranty only applied to the cows, and that the plaintiff was to ''run his chances'' as to the heifers.

The first two grounds specify a variance in the statement of the consideration of the contract out of which the cause of action arose; the last, a variance in the false statement on which the action is predicated.

Our disposition of the first count makes it unnecessary to spend any time on the variance first above specified. The count is insufficient and if amended it will stand like the second so far as the allegation and proof of consideration are concerned. Nor need we consider the ground last above specified—for the allegation referred to only applies to the thirteen cows, and does not cover the heifers as claimed.

The common law rule required great accuracy in the statement of the consideration of the contract on which an action was predicated. It was to be explicitly and correctly stated; and if any part of an entire consideration, or one consisting of several

things was omitted or misstated, the variance was fatal.  1 Chitty Pl. (14th Am. Ed.) *299.  In declaring in assumpsit on a contract not under seal, it was necessary to state  so much of it as contained the entire consideration, and the entire act or duty to be done in virtue of such consideration, the breach of which was complained of.   Note to *Symonds* v. *Carr*, 1 Camp. 361; *Clark* v. *Grey*, 6 East 564; *Miles* v. *Sheward*, 8 East 7; *Curley* v. *Dean*, 4 Conn. 259, 10 Am. Dec. 140.   This rule was adopted by this Court at an early day.   *Allen* v. *Lansing*, 10 Vt. 114, was an action of assumpsit alleging that the plaintiff bought of the defendant and his partners a barrel of rum for fifty dollars.   The proof was that he bought it for $1.06 per gallon.   The variance was held to be fatal.

In *Vail* v. *Strong*, 10 Vt. 457, the rule was applied to an action on the case for false warranty in the sale of personal property.   The Court said in that case that it was the result of all the authorities that whether the action was in form *ex contractu* or *ex delicto*, if the cause of action as set forth originates in a contract, the contract must be proved as laid.  But this is so only in those cases wherein it is necessary to declare upon the contract as the basis of a right of recovery.   This is apparent from an attentive examination of the case.   The Court took as an apt illustration cases arising upon a contract for the sale of horses with a warranty or representation of soundness, and pointed out how a plaintiff might declare as for a deceit, alleging a representation known to be false when made—in which case he did not rely upon the contract as a ground of recovery, and none need be so alleged or proved.   Or he might declare in special assumpsit on the warranty, in which case he must prove the contract precisely as laid.   Or he might declare in the double aspect.   It was considered that the representation then under consideration consisted of the false warranty only and that the action was, therefore, founded on the contract, which would have to be proved as laid.

*Mallory* v. *Leach*, 35 Vt. 156, was an action on the case for deceit in the purchase of certain shares in a mining company.  The plaintiff alleged that she sold the stock to the defendant for $275; the proof was that the defendant paid $94.50 in cash, and gave his note for $290.50—making in all $385.   It was held, in effect, that the variance was immaterial, since it consisted merely

in alleging the injury occasioned by the fraud to be greater than it turned out to be.

*Gotleib* v. *Leach*, 40 Vt. 278, was an action on the case for false representations in the sale of a perpetual motion machine. The allegation was that the plaintiff paid $300 for the machine; the proof was that he paid $350. After pointing out a shortage in the exception reserved, the Court said: "But aside from the fact that the exception is confined to the written contract, in an action of this kind, considering the manner in which the consideration is alleged in this declaration, it is not one of those descriptive allegations that need be proved in amount precisely as alleged. This is not an action directly upon the contract, but an action of tort growing out of the contract. If this were an action in favor of Leach against Gotleib to recover the stipulated price, declaring specially on the contract, a more strict rule would apply." Judge Peck's allusion to the "manner in which" this consideration was alleged obviously refers to the fact that it was alleged under a *videlicet;* but this was of no consequence; for if the consideration was a matter of essential description, it would have to be proved as stated though laid under a *videlicet. Derragon* v. *Rutland,* 58 Vt. 128.

*Pettijohn* v. *Williams*, 2 Jones L. (N. C.) 33, was an action on the case for deceit in the sale of a fishery. The price paid was alleged to have been $2,500; the proof was that the price was $3,000. It was held that there was no material variance.

*Cunningham* v. *Kimball*, 7 Mass. 65, was an action on the case for deceit in the sale of a horse. The consideration alleged differed from that proved. It was held that the variance was immaterial. It was observed by the court that had the action been founded on the contract, and the gravamen had been the non-performance of it, there would have been some force in the objection; but that the gist and foundation of the action being the false and fraudulent affirmation, the variance was immaterial.

To the same effect are *Corwin* v. *Davison*, 9 Cow. (N. Y.) 22; *Barney* v. *Dewey*, 13 Johns. (N. Y.) 224, and *Webster* v. *Hodkins*, 25 N. H. 128.

Of all these cases including our own the only one in which it does not expressly appear that the *scienter* was alleged is *Webster* v. *Hodkins*, and it must have been in that case, for the New

Hampshire court does not allow a recovery in tort actions arising from a false warranty unless the *scienter* is proved. *Mahurin* v. *Harding*, 28 N. H. 128.

We conclude, therefore, that in actions of tort for false warranty or representations in the sale of chattels, in which hereafter a *scienter* must be alleged and proved, and which are founded on the deceit involved, the contract is only a matter of inducement and the consideration thereof need not be proved as laid. In such cases, it is necessary to prove the contract merely to show such a relation between the parties as makes the deceit actionable. A consideration is essential to make the contract binding, but beyond this it is of no consequence to the plaintiff's right of action. It is matter of allegation rather than description and therefore need not be proved as alleged. *Allen* v. *Goff*, 13 Vt. 148; *Gates* v. *Bowker*, 18 Vt. 23.

The defendant complains that the court failed to comply with his request to charge that the plaintiff could not recover if he bought the cows relying upon his òwn judgment and not upon the defendant's representations. But an examination of the charge discloses that this point was fully covered. It was necessary for the plaintiff to show that he relied upon the representation in making the purchase—*Weeks* v. *Burton*, 7 Vt. 67—but he was not required to show that he relied solely on the representation. *James* v. *Crosthwaite*, 97 Ga. 673, 36 L. R. A. 631; *Braley* v. *Powers*, (Me.) 42 Atl. 362; *Cook* v. *Gill*, (Md.) 34 Atl. 248; *Handy* v. *Waldron*, 35 Atl. 884; *Cabot* v. *Christie*, 42 Vt. 121.

There was no error in the exclusion of the testimony of Selah George to the effect that the plaintiff told him that one Britton declined to buy the cows because they were not coming in soon enough. It was quite too uncertain as to the time when Britton wanted his cows to be fresh to be admissible.

Nor was there error in striking out the testimony given by Charles Warren. The witness did not attempt or pretend to give even the substance of what the plaintiff told him regarding the time when the cows were to be fresh, but only his inference from what the plaintiff said. The witness could not be allowed this liberty; it was for the jury to draw the inference.

The offered evidence regarding the times when the remaining cows of the defendant's herd became fresh was properly

excluded.   In the first place, the offer was too indefinite.   It was to show that the 24 cows left in the defendant's herd had calves "early in the winter and along through."   But if we treat the offer as sufficient we must sustain the ruling.   There was nothing in the testimony that could be accepted as evidence of the condition of the cows involved in the suit.

Error does not appear in the admission of the testimony of the plaintiff regarding a "line back cow," and the memorandum received in connection therewith.   The only point made in the brief is that it was out of time.   But the order of receiving evidence is within the discretion of the trial court.   *Ranney* v. *Railroad Co.*, 67 Vt. 594.

And it not appearing otherwise from the bill of exceptions, we must assume that the ruling was made as a matter of discretion; for the rule is that when a ruling may be made as a matter of discretion, it will be presumed to have been so made unless the contrary appears.   *Hathaway* v. *Goslant*, 77 Vt. 199; *State* v. *Lawrence*, 70 Vt. 524; *State* v. *Bedard*, 65 Vt. 278; *Ranney* v. *Railroad Co., supra.*   But the defendant insists that this ruling was made as a matter of law, and refers us to certain pages of the transcript.   The bill, however, must prevail.   Though the transcript is referred to generally it is not made controlling.   *Lawson* v. *Crane & Hall*, ante page 115.

*Reversed and remanded.*