# BRADLEY FERTILIZER CO. v. DAVID L. FULLER.

*New Trial. Practice. Replevin. Assignee. Fraud. False Representations of Insolvent Debtor.*

1. Plaintiff offered one witness on an important issue, so early in the trial that, if admitted, he could have procured the attendance of other witnesses. The court at first ruled against his admission, but on further consideration decided to admit the witness; but not until it was too late to summon the other witnesses; *Held*, a good cause for a new trial.
2. In an action of replevin against the assignee of an insolvent debtor, to recover property claimed to have been obtained by the debtor through a fraudulent purchase procured by false representations as to his financial condition, evidence is admissible of other similar purchases made about the same time.

PETITION for new trial.

The affidavit of the plaintiff's attorney stated, in part: " As to the testimony of the kind given in the deposition of B. W. Currier, I did have some knowledge, and intended to use it on said trial; but I was somewhat in doubt as to its admissibility, and what the court would do in admitting it. I, therefore, had one witness as to such testimony brought from Boston, and offered it; and it was excluded by the court. I did this the first day of the trial, so that I could telegraph to Boston for others that night and have them in court the next morning on the going in of court; and had ample time for that purpose before the plaintiff would rest its case." The deposition of Currier related to the false representations made in Boston, by Hosea Welch, Jr. The case was heard on exceptions and the petition for a new trial.

As to the evidence, the exceptions stated: " The plaintiff's evidence further tended to show that during the first days of October, 1882, said Welch, 2d, went to Boston and purchased goods on credit to the amount of about $2,700; that

said Hosea Welch, Jr., was present at one or more of the places where he was purchasing goods, and aided him in selecting goods.   *   *   *   The plaintiff offered to show that said Welch, 2d, and Welch, Jr., while thus together, made false representations as to the financial standing of said Welch, 2d, before and while making such purchases; but did not offer to show that such representations in any way came to the knowledge of the plaintiff or its agent before the sale of the phosphate.   The court refused to admit the evidence."

*S. C. Shurtleff*, for the plaintiff.

The evidence offered by the plaintiff as to the false representations was admissible.   *Hall* v. *Naylor*, 6 Duer, 71; *Rowley* v. *Bigelow*, 12 Pick. 307; *Pequeno* v. *Taylor*, 38 Barb. 375; *Hennequin* v. *Naylor*, 24 N. Y. 139; *Conyers* v. *Ennis*, 2 Mason, 236; *Seligman* v. *Kalkman*, 8 Cal. 207; *Fitzsimmons* v. *Joslin*, 21 Vt. 129.

The plaintiff was taken by surprise by the action of the court, and is entitled to relief.

*Gordon & Gary* and *Lamson*, for the defendant.

The court properly excluded the testimony as to the false representations made by Welch, Jr.; because the plaintiff did not show, nor offer to show, that such representations ever came to its knowledge, or that of its agent.   27 Me. 35; 3 Cush. 413.

A new trial should not be granted.   The evidence was cumulative.   *Knapp* v. *Fisher*, 49 Vt. 94; *Dodge* v. *Kendall*, 4 Id. 31; *Bullock* v. *Beach*, 3 Id. 73.

It must be a strong case to grant a new trial on account of surprise.   *Briggs* v. *Gleason*, 27 Vt. 114; *Haskins* v. *Smith*, 17 Id. 263.

The opinion of the court was delivered by

ROYCE, Ch. J.   The plaintiff offered to show that when

Hosea Welch, 2d, accompanied and assisted by Hosea Welch, Jr., was in Boston early in October, 1882, purchasing goods, the latter made false representations in regard to the financial standing and condition of Hosea Welch,'2d, in the presence of said Welch, 2d. Goods to the amount of about $2,700 were purchased on credit at that time, and the representations were made in connection with the purchase of such goods. The phosphate replevied in this suit was ordered by Hosea Welch, 2d, October 28, 1882, at which time he was, and for some time previous had been, badly insolvent, and only sustained, financially, by credit furnished by Hosea Welch, Jr., and one Clark, who, November 1, 1882, refused longer to indorse his paper, and took possession of his entire stock, including said phosphate, under an assignment which was subsequently vacated by proceedings under the insolvent act, in which the defendant was appointed assignee.

The evidence of what transpired in Boston was offered to show a fraudulent intent on the part of Hosea Welch, 2d, at that time to get goods into his possession, without the intention or expectation of paying for them, as tending to show a similar intent and purpose in contracting for the phosphate a few days later. The court, early in the trial, ruled against the admissibility of this evidence, but afterwards, on further consideration, decided to admit it. The plaintiff's counsel made the offer early, so that if the evidence were admitted he could procure the attendance of witnesses from Boston; and it appears that had it then been admitted he would have had ample time to get them to St. Johnsbury; but when the court finally decided to admit the evidence, it was too late for the witnesses to be summoned and get to the place of trial before its conclusion.

It is now claimed that the evidence offered was not legally admissible. The title to the property replevied is in question in this suit. If Welch ordered or contracted for it with the fraudulent intent not to pay for it as agreed, the sale

was voidable at the election of the vendor; and he has elected to rescind it by the bringing of this suit. Benj. Sales, s. 433 *et seq.* It has long been the settled law that evidence of the making of other purchases or contracts shown to be tainted with such fraudulent purpose at about the same time, and under such circumstances as might fairly support the presumption that the purchase in question was made with the same purpose and intent, is admissible. Best Ev. 487, *note* (1); 1 Greenl. Ev. s. 53. The cases of *Pierce* v. *Hoffman*, 24 Vt. 525, and *Eastman* v. *Premo*, 49 Vt. 355, are full authority for that proposition in this State. The evidence offered was material as bearing upon the question of fraudulent intent on the part of the purchaser affecting the transaction in issue; and from what appears in the case, it is clear that the plaintiff, without fault, has been deprived of the opportunity to use it. We cannot say with certainty that if the evidence contained in the affidavits attached to the petition for a new trial had been before the jury, the result of the trial would have been different; but it seems highly probable that it would have been, unless that evidence were met by opposing testimony such as is not shown here. The petition for a new trial must therefore be granted.

As it does not seem probable that a consideration of the other exceptions taken on the trial would be of substantial benefit at this time, or tend to a more speedy or economical disposition of the case, we do not pass upon them.

The judgment in the principal case is *pro forma* reversed and case remanded, and the petition for a new trial is granted, but without costs.