## McCASKER & MALLOW *v.* JOSEPH ENRIGHT.

### *Evidence of similar fraudulent acts.*

The claim of the defendant being that the note in suit had been obtained by fraudulent representations upon the part of the payee to the effect that it was not a note but a contract, *held*, that evidence of similar fraudulent transactions was admissible upon the question of intent.

Special assumpsit on note. Plea, the general issue. Trial by jury at the May term, 1891, Ross, Ch. J., presiding. At the close of the testimony the Court ordered a verdict for the plaintiff. Exceptions by the defendant. The opinion states the case.

*J. C. Enright*, for the defendant.

Evidence of contemporaneous similar fraudulent transactions was admissible. *Eastman* v. *Premo*, 49 Vt. 335; *Henquin* v. *Taylor*, 24 N. Y. 139; *Bradley* v. *Ober*, 10 N. H. 291, 477; *Pierce* v. *Hoffman*, 24 Vt. 525; *Bradley Fertilizer Co.* v. *Fuller*, 58 Vt. 315.

*Geo. L. Fletcher*, for the plaintiff.

The Court properly excluded the depositions. *Noyes* v. *Landon*, 59 Vt. 569; *Blaney* v. *Pelton*, 60 Vt. 285; *Powers* v. *Ball*, 57 Vt. 662; *Farrer* v. *Freeman*, 44 Vt. 63; *Thrall* v. *Horton*, 44 Vt. 386; Story Prom. Notes, s. 191, 215; Chit. Pl. 78, 79; *Hascall* v. *Whitmore*, 19 Me. 102; *Smith* v. *Hiscock*, 14 Me. 499; *Homes* v. *Smith*, 16 Me. 177; 1 Am. Lead. Cas. 332 and cases cited; *Blanchard* v. *Stevens*, 3 Cush. 162; *Chicopee Bank* v. *Chapin*, 8 Met. 40; *Atkinson* v. *Brooks*, 26 Vt. 569.

The opinion of the court was delivered by

ROWELL, J. The defendant's testimony tended to show

McCasker & Mallow *v.* Joseph Enright.

that nothing was said about his giving a note for the cloth, that he did not intend to give a note for it, and did not suppose he did, but supposed he was giving an ,obligation embodying the contract, which was, to pay for the cloth in three months if he had then sold it, but if not, then to pay for what he had sold, return the rest, and receive back his obligation ; that O'Brine, the payee of the note, wrote the paper he signed, but did not read it to him, nor did he read it himself, but took O'Brine's statement as to what it was ; that when his wife indorsed the paper at O'Brine's request, to show that the sale was made to the head of a family, she attempted to see its face, but was prevented by O'Brine. His testimony further tended to show that he sold none of the cloth and saw no more of O'Brine, and that the next he heard about it was on August 4, 1890, when he received a letter from the plaintiff, calling him to go to the bank in Chester and pay the note, which was the first time he understood he had given a note.

The defendant claimed as matter of defence that he was defrauded in giving a note instead of an obligation embodying the contract ; and on that question O'Brine's intent in the premises was material and relevant.

The defendant does not claim in argument that the testimony in the case impeached the note so as to cast the burden on the plaintiffs to show that they were *bona fide* holders of it, but complains of the exclusion of depositions offered by him to show prior similar fraudulent transactions on the part of O'Brine, had with other parties, whereof the plaintiffs had knowledge before they bought the note in suit.   One of those depositions tends to show that O'Brine got the deponent's note for cloth when the deponent supposed he was giving an obligation entirely different in terms and legal effect ; that he saw no more of O'Brine ; and that the plaintiffs afterwards sued him on the note. Another deposition tends to show that O'Brine got the deponent's note for cloth on the strength of representing that he had twelve

tailors following him, cutting and making, who would be along the then next week and "board it all out," and perhaps more; that the twelve tailors did not come; O'Brine was seen no more, and the next deponent knew he received a letter from the plaintiffs that they held the note and were innocent purchasers thereof.

It is immaterial for present purposes whether those depositions show that the plaintiffs knew about the transactions therein related or not when they bought the note in suit, for if they were relevant to show a fraudulent intent on the part of O'Brine in obtaining the defendant's note instead of his obligation embodying the contract, they should have been admitted, as they, with the testimony in the case, would so far have impeached the note for fraud in obtaining it as to cast the burden on the plaintiffs to show that they were *bona fide* holders.

The plaintiffs claim that the testimony contained in these depositions is too remote, and invoke the rule that inferences cannot be drawn from one transaction to another that is not specifically connected with it merely because the two resemble each other; that they must be linked together by the chain of cause and effect in some assignable way before you can draw the inference. But this, like most general rules, has its exceptions, and one exception is in respect of facts showing system, which Mr. Justice *Stephen* formulates thus: When there is a question whether an act was accidental or intentional, the fact that such act forms part of a series of similar occurrences, in each of which the person doing the act was concerned, is deemed to be relevant. Dig. Ev. Art. 12. This exception is variously stated but well recognized, both in this State and elsewhere. Thus, in *Castle* v. *Bullard*, 23 How. 172, 186, it is said that the decided cases have established the doctrine that cases of fraud are among the well recognized exceptions to the general rule that other wrongful acts of the defendant are not admissible on the trial of the particular charge immediately involved in the issue; that similar fraudulent

acts are admissible if committed at or about the same time, and when the same motive may reasonably be supposed to exist, with a view to establish the intent of the defendant in respect to the matters charged against him in the declaration ; that some of the decisions go further, and hold that such evidence is admissible as affording a ground of presumption to prove the main charge. *Eastman* v. *Premo,* 49 Vt. 355 ; *Bradley Fertilizer Co.* v. *Fuller,* 58 Vt. 315, are full authority in this State for the exception.

No claim is made that the transactions disclosed by the depositions were too remote in point of time. The depositions were admissible for the purpose above indicated, and their exclusion was error.

As the point was not made in argument, we express no opinion as to the impeaching quality of the testimony in the case.

*Judgment reversed and cause remanded.*