REEDY ELEVATOR CO. v. BERMAN et al.

(Supreme Court, Appellate Term. November 29, 1907.)

1. EVIDENCE—PAROL—ADMISSIBILITY TO EXPLAIN RECEIPT.

In an action on a $1,000 note given for part of the price of an elevator sold to defendants, title being reserved by plaintiff until final payment, plaintiff could show by parol testimony that a written receipt given by him, a receiver in an action for foreclosure of a mortgage on the building in which the elevator was installed, for $500, in settlement of plaintiff's claim, "for release of title to elevator only, in accordance with order of" the court in the foreclosure action, was given with the understanding that the payment should not release the claim against defendants for the remaining $500.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1829–1842.]

2. SALES—CONDITIONAL—DEMAND FOR RETURN OF PROPERTY—EFFECT.

Where title to an elevator was to remain in the seller until final payment, the seller's action in demanding that the receiver in an action for foreclosure of a mortgage on the building in which the elevator was installed return the elevator did not amount to a rescission of the contract of conditional sale, but was a threat to rescind; the seller not taking possession nor assuming control of the elevator.

3. SAME—SURRENDER OF TITLE—EFFECT.

Where title to an elevator was to remain in the seller until final payment, the seller's surrender of title on payment by the receiver in an action for foreclosure of a mortgage on the building in which the elevator was installed of one-half the balance due was not a surrender of its claim against the buyers for the remainder of the price.

Appeal from City Court of New York, Trial Term.

Action by the Reedy Elevator Company against Morris Berman and Joseph Moskowitz. From a judgment for defendant Moskowitz, and an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Wesselman & Kraus (Bertram L. Kraus, of counsel), for appellant. Max D. Steuer, for respondent.

PER CURIAM. The plaintiff furnished to defendants an electric elevator for $2,400, the title to which elevator was to remain in plaintiff until the final payment should be made, and plaintiff received from defendants $1,400 and a promissory note for the remaining $1,000, upon which note this action was brought. The apartment house of defendants, in which said elevator was placed, was subject to a mortgage, and a receiver was appointed in a foreclosure action. The receiver paid to plaintiff $500, who gave the following receipt to the said receiver, viz.:

"Received from Henry I. Randall, receiver appointed in the above-entitled action (foreclosure case), the sum of $500 in settlement of the claim of Reedy Elevator Company, for release of title to elevator only, in accordance with order of this court."

Upon the trial the court below directed a verdict for defendants; both parties having asked for the direction of a verdict. Plaintiff appeals.

It will be observed that this receipt does not state that the $500 were accepted in full settlement for the whole amount due for the elevator—i. e., $1,000—but that the $500 was paid for "a release of title only," which title it is conceded would otherwise have remained in plaintiff until the full payment of the $1,000 due. There is no indication on the face of the receipt that plaintiff abandoned its claim for the balance of the amount still owing from defendants to plaintiff for such elevator. The $500 were paid simply in return for a waiver by plaintiff of that clause of the contract of sale which kept title in plaintiff until the full amount of the purchase price was paid. The balance still remained due from defendants to plaintiff, but the receiver obtained the right to retain the elevator in the apartment house by this waiver of title by plaintiff, who had demanded the return of said elevator. On the trial plaintiff's counsel sought to show that at the time of the payment of the $500 it was expressly stated and agreed that payment of said money should not operate as a release of the claim against defendants. The court refused to permit him to do so, although the rule is that a receipt can be explained, and that parol evidence is competent to show the purpose for which the receipt was given and to what demand it was applicable, and a receipt given for a specific purpose cannot be used for a different purpose. The receipt states that the $500 were given "in accordance with the order of the court." This order directs the receiver "to satisfy the claim of the Reedy Elevator Company to the elevator"—i. e., its title thereto

and right to remove said elevator from the apartment house; but the order makes no mention of plaintiff's claim against defendants for the balance due for breach of contract in failing to pay in full for said elevator. The evidence which plaintiff sought to introduce, as above indicated, would not have varied the terms of the receipt, as there is nothing in the receipt inconsistent with plaintiff's retention of its claim for the balance due from defendants.

Plaintiff did not surrender the note to the receiver upon the payment of the $500 and the giving of the receipt, nor was any demand for such note made by the receiver, who had nothing to do with plaintiff's claim against defendants for breach of contract, but wished merely to prevent plaintiff from removing the elevator from the building, which plaintiff had a right to do so long as the title remained in said plaintiff, and which it had threatened to do, whereupon the receiver made an arrangement with plaintiff to give up this right for $500, and obtained the order of the court authorizing him to carry into effect such arrangement with plaintiff. Although the plaintiff concededly demanded the return of the elevator, it need not be held to have thereby elected to rescind the contract of conditional sale between itself and defendants. It did not actually take possession or assume control of the elevator, nor did it make a demand for its return upon defendants themselves, but upon the receiver. Its surrender of title to the elevator was not a surrender of its claim against defendants for the breach of contract. The demand on the receiver for the return of the elevator was more in the nature of a threat to rescind the conditional contract of sale with defendants than an actual rescission of such contract.

It may also be said that this claim of a rescission was not pleaded in the answer and is raised for the first time on appeal. The answer sets up the defense of a discharge in bankruptcy; but no evidence was introduced on that subject, nor is it referred to on the appeal. The plaintiff has shown itself entitled to recover the remaining $500, and it was therefore error to direct a verdict in favor of the defendants.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.