## H. F. GRISWOLD v. B. R. WENTWORTH.

May Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed October 18, 1911.

*Sales—Fraud—Evidence—Admissibility—Conclusion of Law— Admission on Trial—Effect—Questions Reviewable—Imma- terial Questions—Damages—Interest—Assessment by Court.*

In an action for deceit that induced plaintiff to sell defendant goods on credit, evidence of prior fraudulent representations that induced other like sales of goods, not shown to be a part of a series of fraudulent acts, is inadmissible, especially where defendant had paid for such other goods.

Nor can the admission of evidence of such prior fraudulent representations inducing other sales be justified on the ground that at the time such evidence was admitted it did not appear that defendant had paid for such other goods, which plaintiff subsequently disclosed was the fact, in the absence of anything to indicate that plaintiff did not make the most of this improper evidence.

In an action for deceit that induced plaintiff to sell defendant goods on

credit, testimony that defendant had previously in like transactions with plaintiff made representations "similar" to those inducing the sale in question was not admissible, as that was a conclusion of law.

In an action for deceit that induced plaintiff to sell defendant goods on credit, where plaintiff testified that at the time of the sale defendant made designated representations about his property, and that plaintiff relied thereon and gave defendant credit for goods that were not then delivered, plaintiff's wife, who at that time joined the parties immediately after plaintiff had decided to sell the goods to defendant, was properly allowed to testify as to representations by defendant in plaintiff's presence regarding his ownership of designated property, as bearing on the question of what representations defendant had just before made to plaintiff.

Where plaintiff entered a *remittitur* covering all items except one, this Court will not consider the pleadings or the evidence as to the other items.

In an action for defendant's fraudulent representations that induced plaintiff to sell him goods on credit, he was properly cross-examined, as bearing on the question of intent, regarding his understanding for sometime previous to the transaction in question as to what of his property was exempt from attachment.

Where a motion for a certified execution was granted on compliance by plaintiff with the court's conditional order that plaintiff enter a *remittitur* of the damages found by the jury to a designated sum, with interest thereon, which sum and interest, according to defendant's claim, the jury could properly find against him on the evidence, the action of the court was not objectionable as amounting to an assessment of damages by way of interest.

Damages in a tort action, allowed as the equivalent of legal interest, are actual and not punitive.

CASE for deceit inducing the sale of goods on credit. Plea, the general issue. Trial by jury at the December Term, 1910, Caledonia County, *Butler*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Robert W. Simonds* and *J. Rolf Searles* for the defendant.

It was clearly error to admit evidence of prior fraudulent representations of defendant to plaintiff in like transactions, merely because the transactions resemble each other. *Eastman v. Premo*, 49 Vt. 355; *Castle* v. *Bullard*, 23 How. 172; *Welch & Darling* v. *Ricker*, 69 Vt. 239; *Town of Dover* v. *Winchester*,

70 Vt. 418; *Keith* v. *Taylor*, 3 Vt. 153; *Gibson* v. *Seymour*, 3 Vt. 565; *Nones* v. *Northouse*, 46 Vt. 587; *Gibson* v. *Vail*, 53 Vt. 476; *Walworth* v. *Barron*, 54 Vt. 677; *Whitney* v. *Bank*, 55 Vt. 154; *Harris* v. *Howard's Est.*, 56 Vt. 695; *Jones* v. *Ellis' Est.*, 68 Vt. 544; *Pictorial League* v. *Nelson*, 69 Vt. 162; *Blaisdell* v. *Davis*, 72 Vt. 295; *Richardson* v. *Baker & Sons*, 83 Vt. 75; *Slack* v. *Bragg*, 83 Vt. 404; 17 Cyc. 274; 19 L. R. A. 733.

It was also error to allow plaintiff to testify that on those previous occasions defendant had made "similar" representations, as that was a conclusion of law.  *Fraser* v. *Tripper*, 29 Vt. 109; *Carpenter* v. *Corinth*, 58 Vt. 214; *Re Blood's Will*, 62 Vt. 359; *Cate* v. *Fife & Child*, 80 Vt. 404.

*David E. Porter* for the plaintiff.

It was not error to admit evidence of defendant's prior "similar" fraudulent representations, as in these cases such evidence is always admissible as bearing on the question of defendant's intent in the transaction in question.  *Barron* v. *Mason*, 31 Vt. 189; *Pierce* v. *Hoffman*, 24 Vt. 525; *Chamberlain* v. *Fuller*, 58 Vt. 315; *McCasker* v. *Enright*, 64 Vt. 488; *Limerick Nat. Bank* v. *Adams*, 70 Vt. 132; 1 Stephen's Dig. 408; Wigmore on Ev. 320; *People* v. *Shulman*, 80 N. Y. 303; *Morrill* v. *Palmer*, 68 Vt. 1.

HASELTON, J.  This was an action for obtaining goods under false pretenses.  Two counts in trover and two in case were joined.  One of the counts in trover was abandoned. In one of the counts in case the time was alleged with a *continuando*.  Facts which the plaintiff's evidence tended to show were as follows:  From May 13, 1903, to May 7, 1907, the defendant, Wentworth, frequently bought of the plaintiff, Griswold, small lots of grain.  For these the defendant sometimes paid cash, or part cash, and occasionally he gave notes all which he paid.  On the date last mentioned, May 7, 1907, the defendant and the plaintiff had a settlement in full which was completed through the giving of a note by the former to the latter. This note was paid when due.  Within a week after this settlement, the defendant opened a new account with the plaintiff.

This account ran for about a year, that is, until May 22, 1908, when the defendant gave his note for one hundred and twenty-two dollars and sixteen cents, the amount then due. Immediately thereafter the defendant started another account which ran until March 27, 1909. On that date the defendant purchased of the plaintiff a bill of goods amounting to fifty dollars and seventy-five cents, and on the same day he gave the plaintiff a note for one hundred and twenty-seven dollars and thirteen cents. This note covered the purchase of that date and also all the items of the amount which had accrued since the giving of the note of March 22, 1908. The two notes last mentioned, or renewals thereof, were returned by the plaintiff to the defendant January 20, 1910, and the next day this suit was brought. On trial, the plaintiff claimed to recover on account of the goods for which these two notes were given and on account of no other goods. The jury returned a verdict for the plaintiff for the amount of his claim. Thereafter the plaintiff moved for a certified execution which the court refused to grant unless the plaintiff would file a remittitur which would reduce his claim to the amount of the item of May 27, 1909, fifty dollars and seventy-five cents, with interest thereon. The remittitur was filed and judgment was rendered for the amount of the verdict as so reduced.

On trial, subject to objection and exception, the plaintiff was permitted to introduce evidence tending to show false representations made by the defendant in May, 1903, that these representations were relied on and induced the giving of credit to the defendant for grain at that time, and, under objection and exception, the plaintiff introduced evidence tending to show false representations made by the defendant on occasions when notes, which had been paid, were given by him to the plaintiff in the course of the transactions of the parties between 1903 and 1907.

This evidence was not admissible unless it tended to show that the transactions in issue were a part of a series of fraudulent doings on the part of the defendant, and in view of the payments and settlement covering this long period of time prior to the transactions in question, this evidence did not have that tendency. *Eastman* v. *Premo*, 49 Vt. 355, 24 Am. Rep. 142; *Cham-*

*berlain* v. *Fuller*, 58 Vt. 315, 2 Atl. 162; *McCasker* v. *Enright,* 64 Vt. 488, 24 Atl. 249, 33 Am. St. Rep. 938.

The plaintiff hardly claims otherwise; but he urges that there was no error for the reason that, as the bill of exceptions shows, at the time this evidence was received nothing had appeared with regard to any settlement or payments. But as evidence of the payments and settlement came from the plaintiff, he cannot be held to have gained any advantage by keeping the court in the dark as to the real situation until the objectionable evidence had been received. There is nothing in the bill of exceptions to indicate that the plaintiff did not make the most of this improper evidence throughout the case.

It appears from the exceptions that, subject to objection and exception, the plaintiff testified that whenever between May, 1903, and January 1, 1907, the defendant gave a note, he made representations similar to the representations that he made May 27, 1909, when he obtained the goods represented by the item of fifty dollars and seventy-five cents; and that the plaintiff did not testify what those prior representations were but only that they were similar to those made on the date last referred to. We think that to permit this testimony was error without regard to the holding already made. For the line between representations which the law deems fraudulent and those which it does not so deem is not so easily distinguishable as to be a matter of common knowledge, and representations which the law deems fraudulent and those which it does not so deem might well seem to a witness to be "similar."

The plaintiff testified that at the time of the sale of the goods represented by the item of fifty dollars and seventy-five cents he and the defendant were alone, that they then talked over the defendant's financial standing and that the defendant then made certain false representations about his property which the plaintiff relied on, and by which he was induced to give credit for the goods, though they were not then delivered to the defendant. The plaintiff's wife who, as the evidence tended to show, joined the plaintiff and the defendant immediately after the plaintiff had determined to let the defendant have the goods, testified, under defendant's objection and exception, to a conversation that she then had with the defendant,

while all three of the persons named remained together, and that the defendant said: "Your husband is afraid he is not going to get his pay for this claim.  He has refused to let me have it but on consideration and our talk he has decided  to let me have these goods, but I don't see why he should be so afraid that he ain't to have his pay for these goods.  I own my farm and everything about me."  She testified that at that time the defendant spoke about owning a  span of horses, and that he said, referring to her husband, "he will have every cent that I owe him and I have promised not to ask him to renew a note again.  When the note is due I shall pay it."     The defendant argues that this evidence was inadmissible solely on the ground that the trade had been concluded, that before this talk the plaintiff had determined to give the defendant credit and that, therefore, this talk, though in the presence of the plaintiff, could not have been relied on by the plaintiff.  But nothing more appearing than the bill of exceptions shows, we  think it is fairly to be inferred that in the conversation, as testified to, the defendant was merely repeating what he had already said to the husband, that he was rehearsing the substance of "the talk" which he referred to as having induced the husband to trust him.  It is highly improbable that, after having told the plaintiff his story, he then and there in the next breath proceeded, in the plaintiff's presence, to give any new or different account of his financial standing.  So we think, as the matter was left, that the testimony of the plaintiff's wife was admissible against the defendant on the question of what the representations made to the plaintiff and upon which the plaintiff acted in fact were.

The defendant objected to evidence as to items of goods other than the item of fifty dollars and seventy-five cents  on the ground that under the pleadings there  could be  a recovery on account of but one transaction, and he had an exception to a ruling of the court admitting such evidence.  The defendant also excepted to the submission to the jury of any question as to the right of the plaintiff to recover on account of such other transactions on the ground that there was no evidence that any goods except  those represented by the item of fifty dollars and seventy-five cents were obtained by fraud.  But since such pro-

ceedings were had that the plaintiff entered a remittitur covering everything but the claim as to the item of fifty dollars and seventy-five cents, we do not need to consider the state of the pleadings or of the evidence in respect to other claims.

The plaintiff called the defendant as a witness and examined him as to his financial condition subsequent to May 1, 1907. All that the defendant complains of with respect to this examination is that, as he claims, he was compelled to testify that during that period all his property was exempt from attachment, and that whether or not property is so exempt is a question of law. But the questions put by the plaintiff had reference to the understanding of the defendant, during the period in question, that his property was exempt, and the testimony that it was in fact exempt, was volunteered by the defendant. Now the understanding of the defendant that his property was exempt might well bear upon the question of fraudulent intent, and so the only claim of error urged under this exception is without force.

After reciting the motion for a certified execution, the conditional order of the court that the plaintiff file a remittitur of all of the verdict except fifty dollars and seventy-five cents, and interest thereon, and after reciting that the remittitur was filed, and that judgment was rendered for the sum last named with interest, and that a certified execution was granted, the exceptions add, " to all of which the defendant was duly allowed an exception." All that the defendant complains of under this exception is that the court assessed the damages by way of interest whereas it was for the jury to do that. But the court did not assess the damages but it ordered a conditional remittitur of damages, already found by the jury, down to a sum which, according to the defendant's own claim, the jury had a right to find under the evidence.

The defendant further suggests that it was for the jury to say whether exemplary, or punitive damages should be allowed. But damages allowed as an equivalent of legal interest are actual and not punitive; and what is said of exemplary, or punitive, damages is irrelevant.

The evidence erroneously received went as much in aid of the recovery of the damages not remitted as of those which were remitted and accordingly,

*Judgment is reversed and the cause is remanded.*