(78 Misc. Rep. 560.)

## GILBERT v. BISHOP.

(Supreme Court, Trial Term, New York County.　December 14, 1912.)

1. SALES (§ 479*)—CONDITIONAL SALE—REPAIRS BY SELLER—LIEN AS BAILEE —RIGHT TO ENFORCE.

Where an automobile was sold under a contract providing that title should remain in the seller until all installments of the purchase price had been paid, the seller, who made repairs thereon after possession had been given, is under Lien Law (Consol. Laws 1909, c. 33) § 184, entitled to hold the machine under his bailee's lien; such holding not being a taking under the contract of sale, which revested title in the seller.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1438; Dec. Dig. § 479.*]

2. PLEDGES (§ 30*)—ACTION ON NOTES PLEDGED—AMOUNT OF RECOVERY.

While a pledgee of commercial paper is a trustee for the pledgor of any amount recovered beyond the debt secured, and upon equitable principles and to avoid circuity of action he cannot be permitted to recover in an action against the maker, who is also the pledgor, any amount which he would be equitably obliged to return to the maker, that rule has no application to an action on a note given as collateral security for the unpaid installments for the purchase price of an automobile, where, under the contract, all installments are due.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 75–85; Dec. Dig. § 30.*]

Action by Francis Gilbert, as trustee in bankruptcy of the Motors Engineering & Sales Company, against Abigail H. Bishop.　Judgment for plaintiff.

Abraham S. Gilbert, of New York City (Leon Lauterstein, of New York City, of counsel), for plaintiff.

Charles H. Hanson, of New York City (John Delahunty, of New York City, of counsel), for defendant.

LEHMAN, J.　The plaintiff is a trustee in bankruptcy of the Motors Engineering & Sales Company.　On the 29th day of May, 1911, the defendant entered into an agreement with that company by which she agreed to purchase an automobile truck at the price of $3,000, and to pay the sum of $1,000 on delivery and $200 per month after delivery.　At the time of delivery the defendant paid the sum of $1,000 and executed and delivered her promissory note for the remaining sum of $2,000.　This note has never been paid, and the plaintiff sues for the amount of that note.　These facts were undisputed, but at the trial the defendant showed that the contract of sale provided that:

"The purchaser agrees to make, execute, and deliver to the Motors Company, at or before the date of the delivery of the property, his, their, or its promissory notes for the amounts, respectively, of the above-specified payments other than the first, to secure the payment of such amounts; said notes to bear date as of the date of the bill of lading or of delivery, and to bear interest at the rate of 6 per centum per annum.　It is further agreed that the title to said property shall remain in the Motors Company until the purchase price, with interest, has been fully paid as above provided, and that in case of any default in performance by the purchaser of any of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

138 N.Y.S.—44

terms of this contract the Motors Company shall have the right to take immediate possession of the property, together with all accessories and appurtenances, delivered under this agreement, as though this agreement had never been made. And it is further agreed that the amount of the payments already made, plus the amount of any past-due purchase *notes given to secure any installments of payment as above, or the amount of any past-due installments of payments as the same shall be on the day of the resumption* of possession of the property by the Motors Company, shall *be fixed and determined* as the liquidated measure of compensation to the Motors Company for the use of the property by the purchaser."

The defendant further showed that after three months had passed she delivered the truck to the company for the purpose of changing a wheel and tire, and that thereafter the company refused to return the truck upon demand. The plaintiff showed that this refusal was based upon a claim of a lien on the machine for the value of repairs.

[1] Defendant now contends that these facts show that the company has resumed possession of the truck under the contract, and is therefore entitled to recover only the past-due installments as stipulated damages. With this contention I cannot agree. The company was entitled to the full payment under the contract, unless it chose to exercise its option to resume possession for default in the payment of any installment. It did not exercise this option, but merely held the truck for the value of the repairs made. When the defendant delivered the truck for repairs, she had a right to possession of the automobile. The company, however, had a lien at common law upon a machine delivered to it for repairs for the value of the repairs thereafter made. Under section 184 of the Lien Law the company's lien extended to all repairs previously made, and could be enforced even though the "owner" was a "conditional vendee." In asserting its lien it did not, therefore, resume possession on its own right, but merely held the property under its lien. The clause of the contract providing for liquidated damages has, therefore, no application.

[2] At the trial I suggested that it seemed to me that the note in suit was given only as collateral security for the unpaid installments, and could therefore be enforced only for the amount of the installments due at the beginning of the action, and I permitted an amendment to the answer setting up this partial defense. Further consideration has, however, convinced me that the defense is not valid. Although the note was given as collateral security, it became due by its express terms in three months, and was subject to renewal for a smaller amount only if the installments payable during the three months were then paid. Upon well-established legal principles the plaintiff at the end of three months had a right to enforce this note directly by suit, instead of suing upon the debt which it secured. Undoubtedly the pledgee of commercial paper is a trustee for the pledgor of any amount recovered beyond the amount of the debt secured, and upon equitable principles and to avoid circuity of action he cannot be permitted to recover in an action against the maker of the note, who is also the pledgor, any amount which he would be equitably obliged to return to the maker. Whether or not the maker could interpose a partial defense, and defeat pro tanto a recovery where the note

is given to secure the payment of installments, some of which were not due at the time of the trial, need not be considered by me. In this case all the installments were past due at the trial, and the plaintiff, if he recovers upon the note, will receive nothing to which he is not now legally and equitably entitled. The equitable defense that the note should not be enforced beyond the amount which the plaintiff is entitled to receive therefore fails.

Judgment for the plaintiff for $2,000 and interest. Thirty days' stay of execution, and 60 days to make a case.