EDDY DALPE v. E. E. BISSETTE ET AL.

May Term, 1925.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1925.

*Fraud—Reliance on Representations Made—Evidence to Show Such Reliance Relevant—Evidence of Collateral Matters May Be Admissible to Show Mental State—Legally Relevant Evidence—Exclusion of Evidence for Remoteness—Presumptions.*

1. In action of tort for deceit in sale of farm, plaintiff's reliance upon defendant's representations, or some of them, is an essential element of his recovery.

2. In such action, evidence tending to show plaintiff relied on his own judgment in purchase of farm is relevant on issue whether or not he relied upon defendant's representations.

3. In such action, evidence of statements and objections made by plaintiff relating to other farms examined by him, day prior to purchase of farm in question, offered as tending to show reliance on his own judgment, *held* not necessarily objectionable as collateral matter, evidence of collateral facts tending to show person's state of mind sometimes being deemed relevant, where mental state of person is material fact.

4. Evidence to be legally relevant must not only be logically relevant, but of such a character as to be deemed of probative value.

5. In action of tort for deceit in sale of farm, evidence of statements and objections made by plaintiff relating to other farms examined by him day prior to purchase of farm in question, offered as tending to show reliance on his own judgment, *held* not erroneously excluded, as matter excluded, not being so clearly of probative value as to be admissible as matter of law, its exclusion will be presumed to have been because considered too remote in point of logical relation to issue on which offered.

ACTION OF TORT. Plea, general issue. Trial by jury at the June Term, 1924, Caledonia County, *Chase*, J., presiding. Verdict and judgment for plaintiff. The defendants excepted. The opinion states the case. *Affirmed.*

*Porter, Witters & Longmoore* and *Dutton & Morse* for the defendants.

*James B. Campbell* for the plaintiff.

TAYLOR, J. This is an action of tort for deceit in the sale of a farm. The defendants are E. E. Bissette, Bissette's wife, and E. J. Mathews, a real estate agent, who participated in the sale. The alleged misrepresentations related to the acreage of the farm, the quality of the soil, the size of the sugar place, and amount of lumber on the premises, the condition of the buildings, the nature of the water supply, the amount of stock that the farm would carry, and the value of the property. Plaintiff's evidence tended

to prove all of the alleged misrepresentations, but was contradicted in all respects by the evidence of the defendants. The trial was by jury, and the plaintiff had a verdict and judgment against the three defendants.

The evidence showed that on or about April 27, 1921, the plaintiff with his wife's father and brother came from his home in Canada to defendant Mathews' place in Hardwick, looking for a farm. Mathews was then in the real estate business, and had several farms listed for sale, including the one in question. He was improved as a witness for the defendants, and testified without objection that on the same day before showing the Bissette farm to the plaintiff and his companions, he showed them three other farms; that one of these was a farm, containing a sugar place of 600 trees, capable of carrying twenty cows; that plaintiff said it was too large to suit him—that he wanted something he could carry on himself. At this point in witness' testimony an offer was made to show that plaintiff said the farm was too large and the price too high, that he wanted a one-man farm. The court excluded the part of the offer not already covered by the witness' testimony and allowed the defendants an exception. Continuing, the witness further testified without objection that he showed plaintiff another farm in Walden—a small one; and that plaintiff looked that farm over. He was then asked, "Did he say anything to indicate whether that farm suited him or not?" On objection, the question was excluded; thereupon, the offer was made to show "that this farm was not satisfactory to the plaintiff because it was not a good cattle farm," as bearing upon the question whether he relied upon any representations that the defendants made or upon his own judgment. The offer was excluded and an exception noted for the defendants. These are the only exceptions relied upon as showing error.

[1, 2] It is argued that the excluded evidence would tend to show that, in deciding what farm he would buy, plaintiff acted on his own judgment and not upon representations made by the defendants. It is not questioned that the plaintiff's reliance upon the defendant's representations, or some of them, is always an essential element of his recovery in an action for deceit. *St. Marie* v. *Wells,* 93 Vt. 398, 108 Atl. 270; *Slack* v. Bragg, 83 Vt. 404, 411, 76 Atl. 148. It follows that evidence tending to show that the plaintiff relied upon his own judgment in the purchase of the farm would be relevant to this issue. In

effect it is claimed that the offered evidence had no such tendency.

[3]   The fact that the statements relied upon related to other farms being examined by the plaintiff does not subject them to the rule excluding merely collateral matter.   Where, as here, the mental state of a person is a material fact, evidence of what are apparently collateral facts is sometimes deemed relevant, if it tends to show such person's state of mind.   1 Greenleaf on Ev., § 53, note (6) ; 1 Jones' Com. on Ev., §§ 141a, 142. It was on this principle that the admission of such evidence was upheld in *Stearn* v. *Clifford*, 62 Vt. 92, 18 Atl. 1045, as tending to show that the plaintiff in an action for deceit did not rely upon the defendant's representations, but upon his own judgment.   It is one of the class of exceptions to the exclusionary rule referred to by Rowell, J., in *McCasker* v. *Enright*, 64 Vt. 488, 24 Atl. 249, 33 A. S. R. 938.   It should be seen that under this rule the matter contained in the second offer at least was *logically* relevant.   But the question presented to this Court is whether it can be held, as matter of law, to be legally relevant.

[4]   The test of legal relevancy is pointed out in *Smith* v. *Martin*, 93 Vt. 111, 129, 106 Atl. 666.   Not only must the proposed evidence be logically relevant but it must be of a character to be deemed of probative value.   The law furnishes no precise test when, as Mr. Wigmore states it, a particular fact is ''fit to be considered'' as evidence of a fact in issue.   Especially is this true when dealing with collateral facts which vary so in point of logical relation to the constituent facts.   As a practical matter a line must be drawn somewhere.   Mr. Chamberlayne says that this is within the court's administrative function, and that, subject to certain general principles, the line is drawn by the court in the exercise of reasonable discretion.   1 Cham. on Ev., § 548. This is but the application of the familiar general rule respecting remoteness, the question in this instance turning upon the character of the evidence.   See *Smith* v. *Reynolds*, 94 Vt. 28, 38, 108 Atl. 697.

[5]   In determining the admissibility of a collateral fact which is logically relevant there will be instances when it can be ruled as a question of law; either because the offered fact was so clearly of probative value that its exclusion would be legal error, or because it was so clearly not fit to be considered that it would be legal error to admit it.   *Smith* v. *Martin, supra,* and cases there cited.   Lying between these extremes are those instances

admitting of discretion in receiving or rejecting the proffered evidence. The offer in question is of the latter class, and it will be presumed that it was excluded as being too remote in point of logical relation to the issue on which it was offered. This view is suggested in plaintiff's brief, and defendants do not claim that the error was in the failure of the court properly to exercise its discretion.

*Judgment affirmed.*