AUGUST RASANEN *v.* JOHN VIINAMAKI, ALIAS JOHN HILL.

February Term, 1931.

Present:    POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ., and

GRAHAM, Supr. J.

Opinion filed May 5, 1931.

324

*Jones & Jones* for the defendant.

*Fenton, Wing, Morse & Jeffords* for the plaintiff.

POWERS, C. J. This is a tort action charging the defendant with alienating the affections of the plaintiff's wife, by enticement and criminal conversation. The defendant is the excepting party.

The plaintiff, with his wife and children, lived in Mt. Holly on a farm adjoining one occupied by the defendant. On July 17, 1929, the plaintiff went away to find work, intending to prepare and establish a new home for himself and family. He found work and made arrangements to remove his family to New York. He wrote his wife, who had remained at Mt. Holly, and in reply received from her a letter dated July 23, 1929. This letter was offered in evidence for the sole purpose of showing the state of mind of Mrs. Rasanen toward her husband at the time the letter was written. Subject to the defendant's exception, certain parts of the letter were admitted for the purpose specified. These parts were to the effect that Mrs. Rasanen would not accept the home provided for her in the state of New

York, that she had deserted the plaintiff, and that she loved someone better than she did him.

The rule governing the admission in evidence of the declarations of the alleged alienated spouse in cases of this kind has been several times applied in this jurisdiction. To guard against possible collusion, the law requires that the declaration, to be admissible, must have been made before any trouble occasioned by the defendant arose; and prior to the existence of any facts calculated to excite suspicion of misconduct of the spouse who made it. *Fratini* v. *Caslini,* 66 Vt. 273, 275, 29 Atl. 252, 44 A. S. R. 843; *Townshend* v. *Townshend,* 84 Vt. 315, 320, 79 Atl. 388; *Sanders* v. *Burnham,* 91 Vt. 480, 482, 100 Atl. 905; *Button* v. *Knight,* 95 Vt. 381, 384, 115 Atl. 499.

The testimony given by the plaintiff tended to show that in 1928, when he returned from a neighbor's on one occasion, he found his wife and the defendant in the cow stable together, and that a little later on the same day, he saw them go into the house with their arms around each other. But these incidents did not seem to disturb the plaintiff very much, for he explained that he thought it was "just playing, fun, and neighborly," and he did not speak of it to either of them. But that fall when the plaintiff was taking in potatoes, he saw his wife and the defendant going to the mail box with their arms around each other. This seems to have made a deeper impression on him, for he spoke to her about it. When asked the direct question whether, prior to the receipt of the letter of July 23, 1929, he had any suspicion or any trouble with his wife over the defendant, he replied, "Yes, I had a suspicion, but I could not believe anything like that about my friend Mr. Hill, nor my wife either." This was all the evidence there was on the subject. So this letter must have been written *after* facts had come to the attention of the plaintiff that excited his suspicions about the relations between his wife and the defendant, and after these had been spoken of between them. Therefore, the possibility of collusion existed, and to guard against it, the whole letter should have been excluded. The error, of necessity, was prejudicial. In reaching our conclusion as to the admissibility of this letter, we do not overlook the fact that it involves the finding of a preliminary fact, the determination of which was for the court. *Hassam* v. *Safford Lumber Co.,* 82 Vt. 444, 449, 74 Atl. 197. In support of the ruling we might—and it would

be our duty to—assume that the court found this preliminary fact in the plaintiff's favor, were it not the fact that the evidence was all to the contrary. Therefore, the record would not admit of such a finding. Had the court made an express finding of the fact, one way or the other, an exception to that finding would have been required to overturn it. But where, as here, the ruling is made on an implied finding, an exception to the admissibility of the evidence is all that is required.

After the receipt of the letter above referred to, the plaintiff came to Vermont and removed his wife and children to the house of one Holenburg, on Long Island. While they were staying there, Mrs. Rasanen received a letter from the defendant, dated August 19, 1929, which the plaintiff took away from her and read. It professed undying love for her, urged her to come to him, and gave information about trains to Wallingford. After reading this letter, the plaintiff could not have been blind to the situation. A few days later he returned to the Holenburg house to find that his wife had departed. She had left a note for him which was offered in evidence. Subject to the defendant's exception, the opening sentence of the note was admitted. It read as follows: "I am running away to Vermont." We need not take the time to decide whether this evidence comes under the rule above stated or the one applied in *Rudd* v. *Rounds*, 64 Vt. 432, 25 Atl. 438; for no harm was done by its admission. The plaintiff had already testified, without objection, that the note informed him that his wife "had gone to Vermont." There is abundant evidence that she did return to Vermont at that time, and that she left Long Island without the plaintiff's knowledge or consent.

*Judgment reversed, and cause remanded.*