## Fruehauf Trailer Co. v. Norman George

[157  A.2d  217]

November Term, 1959

Present: **Hulburd, C. J., Holden, Shangraw and Barney, JJ. and Divoll, Supr. J.**

Opinion Filed January 5, 1960

*Finn & Davis* for the defendant.

*Fayette & Deschenes* for the plaintiff.

**Hulburd, C. J.** The defendant signed a conditional sale contract for a Fruehauf platform trailer which he purchased of the plaintiff. This was on March 31, 1958. Under the terms of the contract, the down-payment amounted to Eight Hundred Forty Dollars of which the defendant paid Four Hundred Twenty Dollars, and was to pay the balance of the down-payment within thirty days. Shortly after the defendant acquired possession of the trailer, it was involved in an accident. Following this, on April 24, 1958, the defendant had one of his drivers take the trailer back to the plant of the plaintiff corporation in Albany, New York. It was left with the plaintiff for the purpose of securing an estimate as to the cost of repairs. The defendant has not had the trailer in his possession since. The plaintiff has never received the remaining half of the down-payment from the defendant nor any further sums under the contract. On May 26, 1958, the plaintiff wrote a letter to the defendant as follows:

> "The May 15 installment of $112.13 is past due and unpaid. Under the circumstances you leave us no alternative but to take advantage of the acceleration clause in the conditional sales note signed by you which we hold. Under that clause we are demanding immediate, complete payment of your note.
>
> "Unless you comply with this demand, we will proceed with repossession, foreclosure and judgment.
>
> "If you wish to avoid this process, get in touch with us not later than June 2. Immediately, thereafter, we will proceed as outlined above."

Having written this letter, the plaintiff did not wait for June 2 to arrive. Instead it proceeded along another line. By a writ dated May 27, 1958, and served May 28, 1958, the plaintiff brought suit against the defendant for the amount claimed to be due under the conditional sale agreement.

The defendant's defense and the exceptions here for our consideration all bear on a single point. They all grow out of V. S. 47, §2779-80 (9 V.S.A. §1694-5) which specify the requirements as to the foreclosure by public sale of a conditional vendor's lien. The latter part of the last mentioned

section provides: "-unless such sale is made within sixty days after possession of the property, subject to such lien, is taken by or in behalf of the conditional vendor or his assignee, such property shall be deemed to have been taken and accepted in full satisfaction of the lien."

The defendant contends that the plaintiff's letter to him, in the circumstances, amounted to and was a positive act of repossession on the part of the plaintiff, such as to put on the plaintiff an obligation to proceed with the sale within sixty days as prescribed by the statute. The plaintiff, the defendant goes on to argue, failed to comply with the statute and, as a result, its right of recovery is barred by its terms.

The trial court found that although the plaintiff corporation did write the letter threatening foreclosure proceedings as we have seen, "that no such proceedings were ever taken and that the plaintiff corporation did not at any time repossess the trailer which it had sold to the defendant." The court below went on to give judgment to the plaintiff for the amount due under the contract. We think that the evidence justified the findings made by the trial court and that the findings support the judgment.

■ ■ In order for the defendant to have the benefit of the statute, it was necessary that the plaintiff-seller's possession be such as to constitute a retaking under the act. 47 Am Jur p. 146. Custody of the chattel for purposes of an estimate was not a repossession of this sort. Compare *Gilbert* v. *Bishop*, 78 Misc. 560, 138 N.Y.S. 689; *Jones* v. *Reynolds*, 45 Wash. 371, 88 P. 577; *Chase* v. *Kelly*, 125 Minn. 317, 146 N.W. 1113, L.R.A. 1916A, 912. The letter sent by the plaintiff to the defendant was not sufficient to alter the situation. A mere threat of repossession and foreclosure is not a retaking. *Reedy Elevator Co.* v. *Berman*, 107 N.Y.S. 59.

It is to be noted in the present case that although the plaintiff wrote the defendant it was going to start foreclosure of its lien after June 2, the plaintiff prior to that date revised its course of action and sued on the contract. Certainly up to the time that foreclosure proceedings were initiated, the plaintiff was free to bring suit to recover the unpaid balance of the

purchase price. The character of the plaintiff's possession is to be viewed in the light of the existing situation. Under the circumstances of this case, the most that can be said is that a retaking under the statute may have been contemplated by the plaintiff, but was not carried out. This the defendant well knew,—and knew in advance of June 2—when he was served with a writ on May 28. The finding of the trial court that the plaintiff-corporation did not at any time repossess the trailer was proper under the evidence.

The defendant claims error in the exclusion of certain evidence by which he offered to show that prior to the date of the plaintiff's letter to him, he had a conversation with the plaintiff's agent in which "he made known to the plaintiff that he did not intend to comply with the contract and that he was relinquishing all right to the trailer to the plaintiff." The exclusion of the offered evidence was without error. The defendant by saying in effect that he washed his hands of the whole matter could not abridge the plaintiff's rights. It still remained for the plaintiff to choose whether it would go after the property or seek its remedy in a personal judgment against the defendant. The offered evidence may have revealed the defendant's state of mind but it disclosed nothing as to the plaintiff's position in the matter. It was, therefore, irrelevant and its exclusion was proper. *Dalpe* v. *Bissette*, 99 Vt. 179, 182, 130 A. 591.

The facts as found by the court below support the judgment for the plaintiff. It would serve no useful purpose to consider the defendant's exceptions to the court's refusal to find as requested since what we have already said disposes of all questions involved.

*Judgment affirmed.*