## George W. Curry et al v. Clifford B. Rivers

[167 A.2d 89]

November Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed January 3, 1961

*George R. McKee* for the plaintiff.

*Philip A. Kolvoord* for the defendant.

**Barney, J.** The claim of the plaintiff is that the jury verdict returned for the defendant in this case was affected by inadmissible testimony improperly received.

A sewer line running from the plaintiffs' new home to the municipal sewer main, on several occasions during the first two years of ownership, backflowed into their cellar playroom, causing damage. Ultimate relief was had only after the original orangeburg and clay tile pipe line to the street was replaced with cast iron pipe. This action sought to charge the defendant with responsibility on the basis that, as builder in 1957, he had made the original installation, now claimed to be faulty.

The only issues of this appeal relate to the testimony of two of the defendant's witnesses concerning sewer stoppage and cellar flooding in two houses on the same street connected to the same main sewer line and located about 320 feet from the plaintiffs' home. The plaintiffs objected to the evidence of both witnesses on the grounds that the distance between the houses made the episodes physically too remote to be relevant and further that the events described by the first witness were too remote in point of time.

To be relevant, offered proof must support a rational inference related to an essential issue of the litigation. *Knight* v. *Willey,*

120 Vt. 256, 260, 138 A.2d 596. To be admissible, evidence proferred must not only have logical relevance, but have probative weight. *Long v. Leonard,* 113 Vt. 258, 261, 32 A.2d 679. Except for the extremes of relevance where the probative value of evidence is either so slight as to require exclusion as a matter of law or so strong as to require admission as a matter of law, questions of remoteness are largely within the discretion of the trial court. *Dalpe* v. *Bissette,* 99 Vt. 179, 182, 130 A. 591. In such cases, unless there is a demonstration of abuse, discretionary rulings will not be disturbed by this Court. *Holton Estate* v. *Ellis,* 114 Vt. 471, 479, 49 A.2d 210. The burden is on the excepting party to show that the error complained of injuriously affected his rights. Supreme Court Rule 9; *Loeb* v. *Loeb,* 118 Vt. 472, 490, 114 A.2d 518; *Parker* v. *Hoefer,* 118 Vt. 1, 11, 100 A.2d 434, 38 A.L.R.2d 1216.

The plaintiffs claim to have established prejudice in the admission of the evidence of these two witnesses because, without their testimony, there was nothing in the case indicative of any source of the sewer difficulties other than defective installation of the plaintiff's service line. This position is not supported by the transcript. The defendant, as part of his case, had already testified without objection, prior to these two witnesses, about sewage backing up in the cellar of a house he was building three lots down the street from the Curry house. This was in 1957, the same year the plaintiffs' house was built, and was evidence that would support an inference by the jury that trouble in the main sewer line was a possible cause of sewer difficulties in houses in the vicinity of the plaintiffs' home. In addition, on cross-examination as the first witness in the case, the plaintiff, George W. Curry, conceded the possibility that the first stoppage could have involved an obstruction in the main sewer. This came in without objection and prior to the testimony with which we are here concerned. Exhaustive listing of testimony supporting the inference of main line sewer stoppage as a possible cause of plaintiffs' damage is unnecessary. Enough has been made to appear to establish that this issue was already in the case on the basis of unchallenged testimony. *Rasanen* v. *Viinamaki,* 103 Vt. 323, 326, 154 A. 691; *Peoples National Bank* v. *Brunelle,* 101 Vt. 42, 47, 140 A. 160; *State* v. *Tatko,* 119 Vt. 459, 465, 128 A.2d 663.

This is not to say that this Court agrees with the plaintiffs that the testimony complained of was so remote as to require exclusion as a matter of law. It has already been shown that the distance element relates to houses on the same street within some 320 feet, connected to the same sewer. The other objection was interposed to testimony relating to a stoppage occurring in 1955, said to be too remote in time. Cross-examination by the plaintiffs disclosed that this incident was one of a series that continued at least until 1957. In view of all this we hold that the trial court could, within the scope of its discretion, properly receive the evidence in any event. *Fairbanks* v. *Frank,* 107 Vt. 45, 48, 176 A. 294. No error appears.

*Judgment affirmed.*