Thacher, J.
Here is no evidence of a marriage—no such evidence as is known in law. The parties agreed to come together, and they may now agree to separate.
Sewall, J.
It is apparent, from the certificate which has been shown to the Court, that thd justice *did not [ * 242 J act officially. He has not certified that the parties were legally joined in marriage by him. He was merely a private witness of the transaction, like the rest of the witnesses present. I do not undertake to say that this was not a marriage as to civil purposes, nor how it might operate as to civil contracts; but as to the case before the Court, there must have been such a marriage as is pointed out by the acts of the legislature, (stat. 1785, c. 69,) for such only are we authorized to dissolve.
Sedgwick, J.
I have no doubts upon the question before the Court. But I intentionally avoid giving any opinion as to the effect of the transactions as relative to civil contracts ; nor will I say what effect they would have in exculpation of the parties upon prosecutions against them for lewdness, cohabitation, adultery, &c. This Court is authorized to dissolve marriages for the cause alleged in the libel; but they must be such marriages as the law considers to be, to all intents and purposes, legal marriages. *184 Whether, therefore, there has or has not been what the law might, to certain purposes, consider as a marriage in fact, I am clear that there is not evidence of such a marriage as the act of the legislature considers as a marriage, to all intents and purposes legal; and of such only can we take notice. (1)
A divorce was not decreed, and the

Libel dismissed.

 When parties came to a tavern where there was a justice of the peace, and there, in his presence, declared that they took each other respectively forman and wife,but he, as the witness expressed it, “ refused to take an active part,” it was decided that, as the magistrate did not appear to have acted in his official character, the marriage was void. Milford vs. Worcester, vol. vii. 48.
Long cohabitation as man and wife, is received as evidence of marriage in a question of settlement. Newburyport vs. Boothbay, vol. ix. 414.
In an indictment for adultery, the record of the marriage is not necessary ; but it may be proved by witnesses. Indeed, witnesses are necessary to prove the identitv of the narties. Commonwealth vs. Norcross, vol. ix. 492.