# SUPREME COURT.

## MARGARET FINN agt. TIMOTHY FINN.

*Divorce — action for — Defendant resists upon the ground that the relation of husband and wife never existed between them, and asks that the contract of marriage entered into by them be declared null and void — Evidence of former marriage of defendant — Estoppel — Affirmative relief — Code of Civil Procedure, section 591.*

The defendant, in 1848, contracted a legal marriage with Catharine Murphy, at London, England, which still subsists. The defendant emigrated to the United States in 1849, and in 1850, at the city of Elmira, he and the plaintiff entered into a marriage contract, and afterwards cohabited as husband and wife, at that city, until 1860, when the first wife appeared at Elmira. The parties immediately separated, the plaintiff resumed and has ever since used her maiden name. The defendant conveyed all his property to the plaintiff and left the state. About 1863 the defendant returned to Elmira, and entered into a contract relating to property with the plaintiff, under her maiden name. Since the separation in 1860 the parties have not lived together as husband and wife, but both parties have resided at that city as unmarried persons. Shortly before the commencement of this action, the defendant commenced to live and cohabit with another woman. At the time of the intermarriage of the parties the plaintiff had no knowledge of the prior marriage of the defendant. The plaintiff asks for a divorce upon the ground of adultery, which the defendant resists upon the ground that the relation of husband and wife never existed between them, and asks that the contract of marriage entered into by them be declared null and void. The celebration of a marriage contract between the parties to this action, their subsequent cohabitation as husband and wife, and subsequent sexual intercourse between the defendant and another woman, is established. As a defense, and as a ground for a decree of nullity, the defendant established, by undisputed evidence, that at the time of the marriage he had a living wife:

*Held*, that the relation of husband and wife lies at the very foundation of a divorce *a vinculo*, and it must be affirmatively established before a judgment of divorce can be rendered.

*Held*, also, that a marriage contract entered into by a person having a husband or wife living, with a third person, is utterly void.

*Held*, also, that the evidence of the former marriage was competent in this case, and, it being established, is a defense to the action. When the plaintiff established the solemnization of a marriage contract between

the parties, the defendant was not estopped from proving the former marriage, nor was he estopped from asserting the fact as a defense.

*Held*, further, that under section 501 of the Code of Civil Procedure, in an action for divorce *a vinculo*, a defendant may have affirmative relief.

*Chenango Special Term, August,* 1878.

SEPTEMBER 23, 1848, the defendant contracted a legal marriage with Catharine Murphy, at London, England, which still subsists.

In the spring of 1849, the defendant emigrated to the United States. October 16, 1850, at the city of Elmira, he and the plaintiff entered into a marriage contract, and afterwards cohabited as husband and wife at that city, until 1860, when the first wife appeared at Elmira.

The parties immediately separated, the plaintiff resumed and has ever since used her maiden name. The defendant conveyed all of his property to the plaintiff and left the State. About 1863 the defendant returned to Elmira and entered into a contract relating to property with the plaintiff under her maiden name. Since the separation, in 1860, the parties have not lived together as husband and wife. Since the defendant returned to Elmira, both parties have resided at that city as unmarried persons. Shortly before the commencement of this action, the defendant commenced to live and cohabit with another woman.

At the time of the intermarriage of the parties, the plaintiff had no knowledge of the prior marriage of the defendant.

The plaintiff asks for a divorce upon the ground of adultery, which the defendant resists upon the ground that the relation of husband and wife never existed between them, and asks that the contract of marriage entered into by them be declared null and void.

*John T. Davidson*, for plaintiff.

*H. Boardman Smith*, for defendant.

FOLLETT, *J.* — The celebration of a marriage contract between the parties to this action, their subsequent cohabitation as husband and wife, and subsequent sexual intercourse between the defendant and another woman, is established.

As a defense, and as a ground for a decree of nullity, the defendant established by undisputed evidence that at the time of the marriage he had a living wife. The statutes (2 *R. S.*, 139, *sec.* 5) declare the contract between the parties to this action " absolutely void."

The rule was the same at common law, and under such a contract, the parties do not become husband and wife *de facto* (*Riddlesdon* agt. *Hogan, Crokes' Eliz.*, 658 ; *Fenton* agt. *Reed*, 4 *Johnson*, 52 ; *Williamson* agt. *Parisian*, 1 *Johns. Ch.*, 389 ; 2 *Kent's Com.*, 79 ; 1 *Blackstone's Com.*, 436.) The relation of husband and wife lies at the very foundation of a divorce *a vinculo*, and it must be affirmatively established before a judgment of divorce can be rendered. A divorce is only granted for causes occurring while the relation of husband and wife exists, and it presupposes and affirms the pre-existence of a valid marriage (*Manjue* agt. *Manjue*, 1 *Mass.*, 240 ; *Zule* agt. *Zule, Saxton, N. J.*, 96 ; *Dobbs* agt. *Dobbs*, 3 *Edwards Ch.*, 377 ; *Pugsley* agt. *Pugsley*, 9 *Paige*, 589 ; *Mayhew* agt. *Mayhew*, 2 *Phillimore*, 11 ; *Bird* agt. *Bird*, 1 *Lee*, 623).

So utterly void is a marriage contract entered into by a person having a husband or wife living, with a third person, that the third person may enter into a new marriage contract without a decree declaring the prohibited marriage void. This marriage is no impediment to a valid marriage by the plaintiff with another person (*Patterson* agt. *Gaines*, 6 *How* [ *U. S.*], 550 ; *Gaines* agt. *Relf*, 12 *How.* [ *U. S.*], 472 ; 1 *Bishop on Marriage and Divorce* [5th ed.], *sec.* 299).

I do not understand that the plaintiff's counsel controverts any of the above stated elementary principles of law. But he insists that when the plaintiff established the solemnization of a marriage contract between the parties, the defendant was

estopped from proving the prior marriage, and though proved, the defendant is estopped from asserting the fact as a defense. An estoppel is a conclusive admission which cannot be denied or controverted.

Between persons, the doctrine of estoppel is applied to prevent the proof or assertion of the truth, as a means of promoting justice. But it has no application to this action.

The most solemn admission which a party can make, that he has committed adultery, is sufficient to authorize a judgment of divorce. The state will not permit an estoppel.

To marriage contracts, and to actions for their dissolution, there are three interested parties, the state, the man, and the woman. Unlike other contracts they cannot be entered into at the discretion or caprice of the contracting parties, nor dissolved by mutual agreement.

All civilized governments reserve the right to prohibit the intermarriage of certain persons, and the right to determine when the marriage relation legally entered into may be dissolved.

A distinction is made by the statutes of this state between marriage contracts which are void and voidable. Those which are voidable for fraud or duress, cannot be declared so upon the application of the person perpetrating the fraud (2 *R. S.*, 143, *sec.* 30). But by section 22, 2 Revised Statute, 142, it is expressly provided that either party may apply for a judgment of nullity in case either has a husband or wife living at the time of the marriage. Under this section such a marriage has been declared void upon the application of the guilty party (*Anonymous*, 15 *Abb. N. S.*, 171, 307, 311). The distinction between void and voidable marriages as affecting the right of the guilty party to apply for a decree of nullity, is recognized in *Norton* agt. *Teaton* (3 *Phillimore*, 161); *Ponder* agt. *Graham* (4 *Florida*, 23); *Bishop on Marriage and Divorce* (5th ed., *sec.* 300). In *Ponder* agt. *Graham* the parties entered into a marriage contract with full knowledge that the wife had a living husband. After living together as

husband and wife for fifteen years, the man died, leaving a will, by which he made provision for, and recognized the woman as his wife; she refused to accept the provisions of the will, and brought an action for the recovery of her interest in the estate as widow. The executor defended upon the ground that the marriage was null and void. The doctrine of estoppel was sought to be applied and it was said: "The doctrine of estoppel has no application to the case. It is not denied that as respects third persons, a man who lives with a woman, and holds her out as his wife, is estopped from denying it when charged with liabilities as her husband, but it cannot affect the rights of property, even as between themselves.

"When any civil disability, as prior marriage exists, the marriage is void absolutely, and no civil rights can be acquired under it, and it may be inquired of in any court where rights are asserted under it, though the parties be dead.

"It is competent for a party to set up the nullity of his first marriage in bar of a sentence praying the nullity of the second marriage (*Shelford*, 332). Either of the parties to a marriage, or the parent or guardian of either of the parties, or any other persons interested may apply to the court, and they have a right to a declaratory sentence, and it is upon the ground that the public, as well as the parties in interest, have a right to know the real character of these domestic relations" (*Shelford*, 334). In this case, both parties having knowledge of the impediment, it is different from the one at bar; but if no civil rights can be acquired under such a marriage there is nothing for an estoppel to act in favor of. Courts for the promotion of private justice in a given case, ought not to adopt a rule of evidence, or so apply the doctrine of estoppel as to render valid a marriage (through the acts of the parties operating by way of estoppel), which the statute expressly prohibits and declares null and void, as contrary to public policy, and leading to social evils which the state has an interest in preventing. Should it appear in an undefended action that the marriage

Finn agt. Finn.

sought to be dissolved was null and void, it would be the duty
of the court to refuse a divorce, otherwise it would affirm as
valid that which the statute declares void. If the doctrine
of estoppel can be applied to this case, it could to an incest-
uous marriage, if one of the parties were innocent. A decree
of divorce declaring this marriage valid, and dissolving it,
would not affect the *status* of the first, or true wife.

  A divorce for the adultery of the husband does not deprive
the wife of her right to dower in real estate acquired previous
to the decree (*Wait* agt. *Wait,* 4 *N. Y.,* 95).

  Both wives surviving the defendant, both would be entitled
to dower. I can find no case where the doctrine of estoppel
has been applied in support of a contract, or relation, which
is both *malum in se* and *malum prohibitum.*

  The doctrine of estoppel was rejected in *Robbins* agt. *Pot-
ter* (98 *Mass.,* 532); *Holmes* agt. *Holmes* (4 *Lansing,* 388),
as inapplicable to actions affecting the *status* of husband and
wife.

  In *Johnson* agt. *Johnson* (1 *Caldwell,* 626), the doctrine was
applied to support a marriage entered into between parties
competent to enter into the marriage relation, but the distinc-
tion that no legal disability existed, is recognized in this case,
I think, upon principle and authority that the evidence of the
former marriage was competent, and it being established is a
defense to the action.

  Can affirmative relief be granted, and the *status* of the
parties be determined in this action? The Code (*old, sec.*
150; *new, sec.* 501) provides that: " A cause of action aris-
ing out of a contract or transaction set forth in the complaint
as the foundation of the plaintiff's claim, or connected with
the subject of the action, may be the subject of affirmative
relief in favor of a defendant." Under this and the preced-
ing and the subsequent sections, it has been held (and very
recently in the third department), that in an action for divorce
*a vinculo* a defendant may have affirmative relief (*J. W. B.*
agt. *F. D. B.,* 11 *N. Y. Legal Obs.,* 350; *Anonymous,* 17

Finn agt. Finn.

*Abb.*, 48 ; *Leslie* agt. *Leslie*, 11 *Abb.* [*N. S.*], 311 ; *Fullmer* agt. *Fullmer*, 6 *N. Y. Weekly Digest*, 22–42). Opposed to these is the case of *R. F. H.* agt. *S. H.* (40 *Barb.*, 9), in which JOHNSON, J., dissented.

The right of affirmative relief does not depend upon the solution of the much controverted question, whether the duties and obligations imposed by marriage arise out of a continuing contract, or out of the relation of husband and wife, which some writers maintain merges the contract into a higher *status.*

The subject of the plaintiff's action is the alleged marriage relation between the parties, and .a violation of the duties imposed by it.

The defense arises out of the alleged relation and is closely connected with the subject of the plaintiff's action.

A decree cannot be framed without containing a conclusion that the marriage between the parties is a nullity, and a judgment so declaring it, logically and necessarily follows. It has been held that if a marriage be adjudged void, alimony cannot be granted (2 *Wait's Actions and Defenses*, 604, *and cases there cited*; 2 *Bishop on Marriage and Divorce* [*5th ed.*], *sec.* 376, *and cases there cited*). The plaintiff has a right of action for the recovery of any damages sustained by reason of the defendant's conduct (*Blosom* agt. *Barret*, 37 *N. Y.*, 434), which is inconsistent with a right to alimony. She is not entitled to both.

In matrimonial actions, upon the coming in of the referee's report if the cause has been imperfectly tried, or competent evidence excluded, a new trial may be ordered. But if no necessity for a new trial appears, the court should render a judgment upon the evidence and report, confirming, overruling or modifying the conclusions of the referee (*Code*, *sec.* 1229, *rule* 83 ; 3 *Wait's Pr.*, 388 ; *Block* v. *Rider*, 47 *How. Pr.*, 90).

In 1860 the plaintiff received a transfer of the defendant's property. She has lain by for sixteen years without seeking

a decree of nullity. By an order she has received $100 towards the expenses of this action, and five dollars per week since May 29, 1876, and she is not entitled to further costs. The defendant's conduct does not entitle him to costs.