### JOHN F. BLAISDELL vs. CHARLES I. BICKUM.

Essex. Nov. 5, 1884. — May 8, 1885. FIELD, C. ALLEN, & COLBURN, JJ., absent.

Under the Gen. Sts. of New Hampshire, c. 161, §§ 1, 2, as amended by the St. of 1869, c. 9, a marriage between a man and his mother's sister's daughter is absolutely void, without any judicial process or decree.

On the issue whether a marriage was valid, the woman testified that, previously to the alleged marriage, she had been the wife of another man. For the purpose of showing that this man was dead, the witness was asked whether it was a matter of common report that this man had been killed before she married again. *Held,* that the question was inadmissible.

TORT, under the Pub. Sts. *c.* 100, § 21, for injuries to the plaintiff resulting from the intoxication of his wife, caused by intoxicating liquor sold to her by the defendant.

Trial in the Superior Court, before *Bacon,* J., who allowed a bill of exceptions, in substance as follows:

The plaintiff introduced evidence tending to show that he married, in due form, one Elizabeth Quimby, at South Berwick, Maine, in February, 1880; that he had since lived with said Elizabeth, as her husband, in this Commonwealth; that the defendant, a druggist, had sold liquor to her whereby she became intoxicated; and that while so intoxicated, and by such intoxication, injury was done to the plaintiff.

On cross-examination, the plaintiff testified, that at South Newmarket in New Hampshire, on October 17, 1870, he married, in due form, one Rowena C. Mack, who was alive at the time of the trial of this cause; and that he had lived with said Rowena as her husband in New Hampshire. There was no evidence of a divorce or decree of nullity.

He also testified that, some time after his marriage, he learned that Rowena was the daughter of his mother's sister; but there was no evidence of whom he learned that fact. The deposition of Rowena was introduced; and she testified therein, that, at the time said ceremony of marriage was performed in New Hampshire, she was the plaintiff's cousin. There was no other evidence of the relationship of Rowena and the plaintiff.

The plaintiff introduced in evidence certain statutes of the State of New Hampshire, the material parts of which are stated in the margin.*

The defendant requested the judge to rule, that no valid marriage existed between the plaintiff and Elizabeth Quimby. The judge declined so to rule, and instructed the jury that, if they were satisfied that Rowena was the daughter of the plaintiff's mother's sister, the marriage between Rowena and the plaintiff was null and void, without any judicial process or decree, and that the plaintiff had the right to contract a marriage with another person.

Elizabeth testified, that before her marriage to the plaintiff she had married, in due form, one Quimby, and that she and Quimby, after living together as husband and wife in this Commonwealth, separated; and that she had heard of Quimby as alive in 1877. The plaintiff's counsel asked her the following question: " Before you married the plaintiff, was it a matter of common report that Quimby was killed at Epping, New Hampshire?" The counsel stated that the question was asked for the purpose of proving the fact of the death of said Quimby. The defendant objected to the question, but his objection was overruled, and the witness answered, " Yes." There was other evidence of the death of said Quimby. After the admission of the other evidence of Quimby's death, the judge inquired of the plaintiff's counsel if he desired to have the above question and answer stricken out of the case, or to remain in under exception, and he replied that he desired it to remain.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

---

* The Gen. Sts. of New Hampshire of 1867, *c.* 161, §§ 1, 2, prohibit certain marriages.

Section 3 is as follows: " Every marriage contracted by parties within the degrees prohibited by the two preceding sections is incestuous and void, and the issue of such marriage illegitimate."

Section 1 of the St. of 1869, *c.* 9, entitled, " An Act in addition to sections one and two of chapter one hundred and eleven [*c.* 161] of the General Statutes, relating to marriages," provides that " no man shall marry his father's brother's daughter, mother's brother's daughter, father's sister's daughter, or mother's sister's daughter."

*W. H. Moody*, for the defendant.

*B. F. Brickett & C. H. Poor*, for the plaintiff.

W. ALLEN, J.  The court properly ruled that, if Rowena Mack was the daughter of the plaintiff's mother's sister, the marriage between her and the plaintiff was null and void.  It was made so by the statute of New Hampshire, where the marriage was contracted.

The evidence offered to prove the death of Quimby should have been excluded.  It was evidence of a report in the community, not shown to have been accepted by, or known to, the family of Quimby, of the place and manner of his recent death This does not come within any exception which allows declarations of deceased members of a family, or reputation in the family, to be received as evidence of facts relating to pedigree, but under the general rule that hearsay evidence and common rumor are incompetent to prove particular facts.

*Exceptions sustained.*