STATE *v.* CHARLES F. RICHARDSON.

October Term, 1899.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed November 20, 1899.

*Marriage and divorce—V. S. 2703, 2704*—When a marriage is dissolved by a divorce, the libellee who afterwards marries in New Hampshire and returns to and lives in this State with the wife whom he so marries, within three years from the date of the divorce, cannot be punished for living in this State under such marriage relation notwithstanding the provisions of V. S. 2703 and 2704.

*State* v. *Shattuck,* 69 Vt. 403 is decisive of this case.

INFORMATION for a breach of the divorce law. Windsor County, June Term, 1899, *Start,* J., presiding. Respondent demurred. Demurrer overruled *pro forma.* Respondent excepted. Case passed to the Supreme Court before final judgment

The information was filed June 4, 1899, and set out that the respondent at Albany in this State was married to Alice Richardson in July, 1886 ; that at the May Term, 1898, of Windsor County Court, a divorce was granted to the said Alice Richardson from the respondent ; that the said Alice was still living ; that March 16, 1899, within three years after said divorce, the respondent was, in the State of New Hampshire, joined in marriage to one Hattie M. Royce of Norwich in this State; that immediately after said marriage and on the same day, the respondent returned into this State with the said Hattie M. and from that time to the filing of the information had lived in this State at Hartford in the County of Windsor with the said Hattie M. as his wife under the marriage relation so contracted with her in New Hampshire, contrary, etc.

*W. W. Stickney* and *J. G. Sargent* for the State.

*James G. Harvey* for the respondent.

TAFT, C. J.     V. S. chap. 132 regulates the subject of "Marriage and Divorce." Section 2703 of that chapter provides that when a marriage is dissolved pursuant to that chapter, the libellee is forbidden to marry a person other than the libellant for three years from the time such divorce is granted, unless the libellant dies. Section 2704 enacts that a person who violates the preceding section or lives in this State under a marriage relation forbidden thereby, shall be imprisoned, etc. In *State v. Shattuck*, 69 Vt. 403, it was held that when a libellee in such a case, residing in this State, went into the State of New Hampshire, was there married and returned to this State, her marriage was lawful here. The respondent is complained of under sec. 2704 for living under a marriage relation forbidden by sec. 2703. The marriage was solemnized in New Hampshire and if the respondent, and Hattie M. Royce, the person to whom he was married in that State, are lawfully man and wife in this jurisdiction, as they are under the authority of *State v. Shattuck, supra,* it follows that they cannot be punished for living together in that relation in this State. *State v. Shattuck, supra,* is decisive of this case.

*Judgment overruling the demurrer reversed. Demurrer sustained. Information adjudged insufficient and quashed, and the respondent discharged.*