ANNIE LAROQUE LARIVIERE *v.* LEOPOLD LARIVIERE.

October Term, 1929.

Present:  WATSON, C. J., POWERS, SLACK, and MOULTON, JJ.

Opinion filed November 6, 1929.

*Charles F. Black* and *Robert W. Ready* for the petitioner.

*J. A. McNamara* for the petitionee.

MOULTON, J.  This is a petition for divorce.  The court below dismissed the proceeding upon the ground that a valid marriage between the parties had not been shown.  The petitioner excepted.

A finding of facts was filed, from which the following appears:  The petitionee married Valida Monette, on June 3, 1908, at Montreal, Quebec.  Both were at that time domiciled in that city.  On May 16, 1916, a decree of separation from bed and board was granted to Valida by the Superior Court of Montreal.  Subsequently the petitionee became domiciled in Holyoke, Massachusetts, and while there brought a petition for divorce against Valida, upon the ground of desertion, in the Massachusetts court.  The decree was granted and became absolute on April 19, 1924.  On June 16, 1925, the petitionee, still a resident of Holyoke, married the petitioner at Montreal.

By the Code of the Province of Quebec, which, so far as was material to the issue, was given in evidence at the trial below, and is set forth in the finding of facts, it is provided that:  Art. 6.  ''The laws of lower Canada relative to persons, apply to all persons being therein even to those not domiciled there * * * *''  Art. 185.  ''Marriage can only be dissolved by the natural death of one of the parties; while both live, it is indissoluble.''  Art. 206.  ''Separation from bed and board, from whatever cause it arises, does not dissolve the marriage tie, neither husband nor wife, therefore, can contract a new marriage while both are living.''

A divorce is not to be granted unless a legal marriage between the parties is proved to have taken place.  *Mangue* v. *Mangue,* 1 Mass. 240, 242.  The validity of a marriage is to be determined by reference to the law of the state or country wherein it is celebrated.  *State* v. *Shattuck,* 69 Vt. 403, 407, 408, 38 Atl. 81, 40 L. R. A. 428, 60 A. S. R. 936; *State* v. *Richardson,* 72 Vt. 49, 50, 47 Atl. 103; *Dalrymple* v. *Dalrymple,* 2 Hagg. Const. 54, 58, 59, 17 E. R. C. 11, 14; *Scrimshire* v. *Scrimshire,* 2 Hagg. Const. 395, 402, 161 Reprint, 782; 2 Schouler Marriage, Div., Separation, and Dom. Rel. (6th ed.), par. 1261.  A marriage which is valid where contracted is valid everywhere,

although this rule is subject to certain exceptions which are not material here. *State* v. *Shattuck, supra,* 69 Vt. at page 408; *True* v. *Ranney,* 21 N. H. 52, 53 A. D. 164, 167; *Fensterwald* v. *Burk,* 129 Md. 131, 98 Atl. 358, 360, 3 A. L. R. 1562.

Conversely, a marriage void where it is contracted is void everywhere. *Hutchins* v. *Kimmell,* 31 Mich. 126, 131, 18 A. R. 164; *Kitzman* v. *Werner,* 167 Wis. 308, 315, 166 N. W. 789; *Canale* v. *People,* 177 Ill. 219, 52 N. E. 310, 311. For example, in *Blaisdell* v. *Bickum,* 139 Mass. 250, 252, 1 N. E. 281, it appeared that the plaintiff had married his first cousin in New Hampshire where, at that time, such a marriage was by statute incestuous and void. It was held to be void in Massachusetts, although, if it had taken place within the latter state, it would have been valid. In *Schaffer* v. *Krestovnikow,* 88 N. J. Eq. 192, 102 Atl. 246, 247, a marriage celebrated in Russia, which was void under the laws of that country because of the different religious faiths of the contracting parties, was held to be void everywhere. In *Harris* v. *Cooper,* 31 U. C. Q. B. 182, a marriage in Virginia between two slaves, at a time when, by the law of that state, such persons were incapable of entering into the civil contract of marriage, and of discharging the legal functions of husband and wife, was held to be void in Ontario, even after the parties had gained their freedom.

No question is made as to the validity of the marriage of the petitionee and Valida Monette. As we have seen both were then domiciled in the Province of Quebec; and the latter has so continued, because, after the decree of separation from bed and board, she was no longer subject to the rule that her domicile was that of her husband, and she had the capacity of acquiring a new one of her own. 2 Bishop, M. D., and S., par. 1687.

The validity of the marriage between the parties to this suit depends upon the effect of the divorce granted in the Massachusetts court. It is urged by the petitioner that we must give full faith and credit to the judicial proceedings of Massachusetts as provided by Art. 4, Sec. 1, of the United States Constitution; and that, although it does not appear by the findings that notice was served upon Valida Monette, or that she appeared in person or by attorney, we must, the contrary not appearing, presume in favor of the jurisdiction. *Ferry* v. *Miltimore Elastic Steel Car Wheel Co.,* 71 Vt. 457, 458, 459, 45 Atl.

1035, 76 A. S. R. 787, and cases cited; *Harvey* v. *Tyler*, 69 U. S. (2 Wall.) 338, 341, 17 L. ed. 871, 873.

The question, however, is not whether the divorce is to be recognized here, but whether it is recognized in the Province of Quebec. The Code of that Province is specific. Under its provisions there is no such thing as divorce *a vinculo;* a separation from bed and board does not dissolve the marital tie; death alone can do this. The constitutional provision which is invoked to protect the Massachusetts divorce has no application, of course, in a foreign country.

The validity of this particular divorce has been the subject of judicial determination in Quebec, and has been denied. After the decree of separation, Valida brought suit to collect the alimentary pension allowed her therein, under a statute which permitted her to enforce her claim against the father of her husband. The divorce which had been obtained in Massachusetts was pleaded in defense. The Court of Kings Bench held, first, that proper proof of the decree had not been adduced; and, second, that even if proved it would not avail to dissolve the marriage. *Monette* v. *Lariviere,* 40 Quebec L. R. (K. B.) 350.

It was said (pages 360, 361) that the wife, by reason of the separation from bed and board, had the right to establish a domicile apart from her husband, and that she had a distinct personal status which was governed by the law of the Province of Quebec, because she had retained her domicile therein. Process had not been served upon her personally within the jurisdiction of Massachusetts; the cause for divorce, if any, did not arise in Massachusetts; she had no property in that state; and consequently the Massachusetts court was not competent to pass judgment upon her, and decree the divorce.

The petitioner cites Lafleur on Conflict of Laws, a Canadian text book, written by an eminent member of the bar of Montreal. On page 82 of this work, the learned author says: "Accordingly our courts have recognized the validity of foreign divorces pronounced abroad by courts of competent jurisdiction."

But the decision in *Monette* v. *Lariviere, supra,* holds that the Massachusetts court had no jurisdiction over the wife, and expressly distinguishes the principal authority (*LeMesurier* v. *LeMesurier* [1895] A. C. 517) upon which Mr. Lafleur bases his statement.

Thus it appears that at the time of the marriage of the parties to this suit the petitionee already had, under the law of the Province of Quebec, a legal wife domiciled there. He himself, although a resident of Massachusetts, was subject to the law of the Province while he was therein. The marriage was expressly forbidden by the Code. It was illegal and void, and the petition was properly dismissed.

*Decree affirmed.*