ELWIN W. FLINT ET UX. *v.* ALBERT C. DAVIS ET UX.

May Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES,. STURTEVANT and JEFFORDS, JJ.

Opinion filed October 3, 1939.

*Ernest E. Goodrich* for the plaintiff.

*Wilson, Carver, Davis & Keyser* for the defendants.

SHERBURNE, J. The parties exchanged farms on October 11, 1933, and the plaintiffs, desirous of being restored to their former position, seek a rescission of their deed to the defendants on ac-

count of fraud. Among other things, they allege that they were induced to make the exchange by the false and fraudulent representations of the defendant, Albert Davis, that the Davis farm contained 90 acres, that a large tract of land with maple lumber upon it belonged to the farm, and that the farm was equal in value to the plaintiffs' farm. The chancellor found that the defendants were not guilty of any misrepresentation, deceit, fraud, coercion or undue influence. From the decree dismissing the 'bill the plaintiffs have appealed.

Before taking up the numerous exceptions to the exclusion and admission of evidence attention is called to a number of well-established rules. Error cannot be predicated upon the exclusion of a question in direct examination where the examining attorney did not disclose what answer was expected. *Coolidge* v. *Taylor,* 85 Vt. 39, 48, 80 Atl. 1038; *Shields et al.* v. *Vt. Mut. Fire Ins. Co.,* 102 Vt. 224, 247, 147 Atl. 352, and cases cited. It is not error to exclude a question unaccompanied by an offer. *Baker* v. *Sherman,* 71 Vt. 439, 448, 46 Atl. 57; *Capital Garage Co.* v. *Powell,* 99 Vt. 244, 248, 131 Atl. 10; *Residents of Royalton et al.* v. *Central Vermont Ry. Co.,* 100 Vt. 443, 449, 138 Atl. 782. Questions which are not supported by argument or citation of authority will not be considered. *Dependents of Vlahos* v. *Rutland Restaurant,* 104 Vt. 188, 190, 157 Atl. 832. Merely repeating what was said when taking an exception or referring to the transcript for what was said is inadequate briefing. *Northern Trust Co.* v. *Perry,* 104 Vt. 44, 46, 156 Atl. 906, and cases cited. Supreme Court rule 8, par. 5, provides: "Briefs shall contain a specific reference to such parts of the evidence as may be deemed material, giving the page and number of the interrogatory and answer as marked on the copy of the testimony furnished to the court." Under this rule it is not sufficient merely to refer to the page in the transcript where an exception was taken and simply show that a certain kind of evidence should or should not have been received. Our attention should be directly called to the question excluded or allowed to be answered so that we need not search for it.

Under the foregoing rules most of the numerous exceptions to the exclusion and admission of evidence are either faulty or inadequately briefed and will not be considered. Even those few which we are considering are often likewise defective.

■ Exception F is to the exclusion of a question to Mr. Flint whether he thought he was getting a farm worth $2,500 or not. This was immaterial. There was no allegation of a representation by defendants that the farm was worth that sum, and it is only claimed in the brief that Mr. Davis asked that sum for his farm.

■ O and P are exceptions to questions asked Mr. Flint on cross-examination. These questions tended to weaken the effect of the evidence given by the witness on direct examination by bringing out damaging admissions, and were clearly admissible.

■ By searching the transcript we find that R was an exception to the exclusion of a question to Mr. Flint whether he supposed he was getting all that Mr. Davis told him he was giving him. In view of the failure of the chancellor to find that Davis said there were 90 acres in the farm according to the allegations of the bill and the testimony of Mr. Flint, no error is made to appear.

■ Z is unavailing. No exception was noted or asked for. *Dansro* v. *Scribner*, 108 Vt. 408, 413, 187 Atl. 803, and cases cited.

■ Exception J is to the refusal of the chancellor to allow the bill to be amended during the hearing upon the merits so as to allege additional facts. In view of the new matter alleged the chancellor indicated a willingness to allow the amendment upon terms and upon a continuance to afford the defendants an opportunity to answer and prepare their defense. Upon the plaintiffs' unwillingness to consent to this arrangement leave to amend was denied. Plaintiffs now claim that evidence had already been introduced covering practically all the items suggested by the proposed amendment, but such evidence is not pointed out and we do not search the transcript. Such ruling was discretionary. *Jones, Admx.* v. *Williams,* 94 Vt. 175, 178, 109 Atl. 803. No abuse of discretion is made to appear. At the close of the plaintiffs' case they again asked leave to amend. As no exception was saved no question was reserved.

■ An exception to a finding based upon the failure to find other facts avails nothing. *Lariviere* v. *Larocque,* 104 Vt. 192, 157 Atl. 826; *Susena* v. *Recor,* 103 Vt. 447, 156 Atl. 416; *Morgan* v. *Gould,* 96 Vt. 275, 280, 119 Atl. 517. Under the provisions of Supreme Court rule 8, to which we have already

called attention, it is not sufficient simply to call our attention to the page or pages in the transcript where a certain fact may be found, especially where our attention is not called to any particular question and answer. Nor are we required to examine lengthy exhibits without our attention being called to the particular sentence or paragraph therein which is relied upon. Where several deeds are required to make up a chain in a title we should be told how they fit together and not be required to ascertain that fact without assistance from the brief. Plaintiffs' claims relative to what the exhibits show should be supported by explanation and argument. For the reasons stated all the exceptions to the findings are either faulty or inadequately briefed, as are also all the exceptions to the failure to find as requested. We merely refer to the exception to the failure to find as requested that the defendants' deed to the plaintiffs described the farm as containing 80 acres of land. According to the findings and the deed the farm was described as comprising 80 acres more or less.

We have examined the transcript and the exhibits and are satisfied that the evidence sustains the findings and the refusal to find as requested, in so far as the requests are material in view of the findings made, except that possibly the chancellor may have misconstrued the language relative to acreage in Ex. 7, a copy of the record of a deed in defendants' chain of title. This deed is ambiguous, but the plaintiffs' briefing is so inadequate that we need not determine if the finding that this exhibit "describes the farm to contain 60 acres plus two other parcels which by prior deeds (Plffs' Exhibits 5 and 6) contained approximately 20 acres," is erroneous. This finding is harmless in any event, as there was no finding that the defendants ever knew of the contents of Ex. 7, which was the copy of a deed made in 1883, since which time the title had changed hands several times before it was conveyed to the defendants in 1927 by a deed which described the farm as comprising 80 acres more or less. The defendants had never resided upon the farm and there was no evidence that they knew its acreage. In their deed to the plaintiffs they simply copied and referred to the deed under which they took title.

Although the plaintiffs' bill is based upon fraud, and so far as acreage is concerned alleges that the defendants rep-

resented that there were 90 acres in the farm, here, for the first time so far as appears, they ask for a rescission for honest misrepresentation and mistake because they did not get 80 acres more or less according to the description in the deed. They must, however, recover, if at all, upon the case made by the bill; neither the answer, special prayer for relief, nor the proofs can aid them to recover upon a case not made by the bill. *Olmstead* v. *Abbott*, 61 Vt. 281, 289, 18 Atl. 315; *Hitchcock* v. *Kennison*, 95 Vt. 327, 334, 115 Atl. 156; *Lariviere* v. *Larocque*, 104 Vt. 192, 196, 157 Atl. 826.

However, had the bill been based upon honest misrepresentation and mistake, we do not see how the chancellor could have granted the relief sought for in view of the findings. Although the acreage of the farm is probably so much less than 80 acres that the variance exceeds what can fairly be said to be covered by the term "more or less" (see *Darling* v. *Osborne*, 51 Vt. 148, 157), there is no finding that the plaintiffs relied upon this description, without which there could be no recovery even for fraudulent misrepresentation. *Dalpe* v. *Bissette*, 99 Vt. 179, 181, 130 Atl. 591; *Donovan* v. *Towle*, 99 Vt. 464, 470, 134 Atl. 588; *Slack* v. *Bragg*, 83 Vt. 404, 411, 76 Atl. 148. In fact, the inference from the other findings is that plaintiffs did not rely upon this description. Before making the exchange the plaintiffs looked the farm over in the absence of the defendants. After the exchange and after he had learned that there were not 90 acres, Flint several times indicated that he was satisfied and that his friends or relatives considered that he had made a good trade. Soon after the exchange he wrote Davis that he had a chance to sell for $2,300, which indicated that he could make a profit of $300 because he had only asked $2,000 for his former farm. The next year when he wanted to retrade farms with the defendants he gave no reason except that he was lonesome. To quote from the findings, "The parties were brought together by an energetic real estate agent who collected a commission from each of them."

*Decree affirmed, bill dismissed with costs.*